# Durbin, Appellant, v. Commonwealth ex rel.

*Appeals—Joint appeals—Several defendants.*

Where several individuals, who have been separately convicted in different actions before a justice of the peace for a violation of the Sunday laws, take a joint certiorari to the common pleas, and the latter court affirms the conviction in such form as to recognize the fact that individual judgments had been rendered in each case, the defendants cannot maintain a joint appeal to the Superior Court, and if such an appeal is taken it will be quashed.

Argued May 10, 1910. Appeal, No. 185, April T., 1910, by plaintiffs, from order of C. P. Beaver Co., Dec. T., 1909, No. 96, affirming judgment of justice of the peace in case of E. A. Durbin, Isaac Watson, Robert Cairnes, Lawrence Strohm, John Carven and Louie Finley v. Commonwealth ex rel. Frank Mason. Before HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Certiorari to judgment of justice of the peace.   Before HOLT, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was in sustaining the judgment of the justice of the peace.

*Wm. A. McConnel*, for appellants.

There was no appearance nor printed brief filed for appellee.

OPINION BY BEAVER, J., March 3, 1911:

This is a joint appeal by six persons who were summarily convicted by a justice of the peace in separate actions for "engaging in worldly employment on the Lord's Day, commonly called Sunday."

A joint certiorari on the part of thirteen defendants who had been severally convicted in separate actions by the justice of the peace was sued out.   A consolidated return, embracing the record in each individual case, was sent up to the common pleas, and upon consideration the court made the following order, based upon an exhaustive discussion of the questions raised by the record brought before it by the certiorari: "Now, March 5, 1910, for the reasons above set forth, the judgment of the justice of the peace is affirmed as to the defendants, E. A. Durbin, Isaac Watson, Robert Cairnes, Lawrence Strohm, John Craven and Louie Finley, and as to the other defendants the judgment is reversed and they are hereby discharged; and it is further ordered that only such costs and witness fees be recovered as could by law have been taxed, if there had been but one judgment against the defendants named in this order."

The fact of individual judgments having been separately rendered by the justice is here recognized, as is also apparent from the record sent up by him.

It is apparent from the terms of this omnibus order

that the judgment of the justice in the individual cases of the parties named in this court as appellants was intended to be enforced separately against each of such original defendants. The interest of the several appellants in this order was personal and individual, not joint. We are unable to see, therefore, how a joint appeal can lie.

We do not discuss, much less determine, whether or not the several actions pending before the justice could be regularly brought before the court by an omnibus writ of certiorari. That question is not raised and, therefore, need not be discussed.

We are clearly of the opinion, however, for the reasons stated that the joint appeal to this court cannot be sustained. It may be said that the appeal was at least good as to one of the appellants, and this we are ready to concede, but the appellants were asked at the argument in this court to elect as to which of them the appeal should apply, but there was an unequivocal declination to make such election, the appellants preferring to rely on their appeal, as presented.

The question of a joint appeal by several appellants interested in the same decree has been frequently raised and the necessity for a separate appeal by each individual interested uniformly held: Com. v. Schollenberger, 17 Pa. Superior Ct. 218; May's Est., 22 Pa. Superior Ct. 77; Samson's Est., 22 Pa. Superior Ct. 93. The facts are not precisely similar to the case under consideration but all the authorities, so far as they have been examined, sustain the general proposition that each individual interested in a judgment or decree of a court, whether orphans' court, common pleas or quarter sessions, must take a separate appeal; otherwise the appeal cannot be sustained.

This appeal is, therefore, quashed.