BRUNOT, Justice.
 

 The plaintiff’s original petition appears on pages 1 to 2-7, both inclusive, of the transcript. It contains 111 paragraphs, and is concluded with a prayer for judgment in favor of the plaintiff and against the defendant for $50,059.25, with legal interest thereon from judicial demand until paid, and for costs.
 

 The defendant excepted to the petition upon the ground that it did not disclose a right or cause of action. The minutes do not show what disposition was made of the exception. In fact, the minutes (Tr. p. 62) are barren of any information with respect to this case.
 

 The defendant answered each paragraph of the petition, denying therein any indebtedness whatever to the plaintiff and praying for the dismissal of the suit at the plaintiff’s cost. Thereafter the plaintiff, in a supplemental petition, withdrew all demands made by it in paragraphs 36 to 110, both inclusive, of its original petition, thereby reducing the sum of its demand to $23,000, composed of "two items, one of $20,000 and one of $3,000, which sums it alleged were improperly withdrawn from the plaintiff’s funds. In a second supplemental petition the demand of the plaintiff was further reduced to the sum of $19,800, the alleged total sum of its actual loss.
 

 The trial of the case resulted in a judgment rejecting the plaintiff’s demands and dismissing the suit at its cost. From this judgment the plaintiff appealed.
 

 The appellee was the president, manager, and building expert of the appellant. The executive committee of the appellant association recommended to its board of directors the granting of a loan of $98,000 to Leon Gaillaudaune, for the purpose of erecting an apartment building at the comer of Constantinople and Pitt streets, in the city of New Orleans. The recommendation of the executive committee was approved by the board of directors. The price of the site was fixed at $20,000, and by the usual sale and resale the appellant retained a mortgage and vendor’s lien upon the property for $98,000. Two checks for $10,000 each were issued to Gaillaudaune in payment of the purchase price of the real estate, and two additional checks for $10,000 each were also issued to him. It is alleged in the first supplemental petition that the two last-mentioned checks were improperly issued. Thereafter the contract for the erection of the building was entered into. During the course of construction of the building a check for $8,000 was issued to the contractor.
 

 It appears that there was then due the contractor $5,000, and $3,000 was due by Gail
 
 *683
 
 laudaune for the services of his architect, the appellee. The check was indorsed by the contractor, and he and the architect received their proportionate share of the $8,000 check. The $3,000 received by the architect is the second item in the first supplemental petition that is alleged to have been improperly withdrawn from the funds of appellant.
 

 It must be conceded that the payment to Gaillaudaune, on the date of the sale and resale of the real estate, of $20,000 in excess of the price of the property, and before the building contract had actually been entered into, was irregular and unusual, but appellee has shown by proof that is not rebutted that the building to be erected was to be a duplicate, in plans and cost, of another building, then practically completed, that had been built by the contractor who was to erect the Gaillaudaune building, and that, at the time the $20,000 in excess of the purchase price was paid, building material of a value in excess of that sum had actually been placed on the job (Tr. pp. 89 to 95, both inclusive).
 

 It is shown that appelleé is an architect of long standing and recognized ability; that he was president of appellant, Homestead Association, from 1914 to May 14, 1929. It is shown that the assets of the association in 1914 totaled $25,000, and, when the appellee severed his connection with the association in 1929, its total assets had risen to $3,300,-000 (Tr. p. 157).
 

 The record clearly shows that, if the appellee erred in making an untimely payment of $20,000 to a borrower of the association, he is chargeable with nothing more than an error of judgment, and it is a well-recognized rule, by both the federal and state courts, that an executive officer of a corporation cannot be held liable for errors of judgment, where he acts with reasonable care, without corrupt intent, and in good faith, unless his acts are unlawful per se or ultra vires. The sum paid the architect was a proper charge for his services. It was a part of the necessary cost of the building.
 

 The second supplemental petition changes the demand made in the original and first supplemental petitions from a demand for the restitution of the. $20,000 paid to Gaillaudaune in excess of the purchase price of the property and the $3,000 paid to the architect to a demand for damages. The appellee’s exception of no cause of action is leveled at that change, but, inasmuch, as the case is with the defendant on the merits, we need not consider the exception.
 

 For the reasons stated, the judgment appealed from is affirmed, at appellant’s cost.
 

 ST. PAUL, ¡1., absent