Ferree et al., Appellants, *v.* Douglas.

448

Argued April 14, 1941.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Theodore A. Epstein,* with him *Hayden Covington* and *Joseph F. Rutherford,* for appellants.

*Fred B. Trescher,* of *Kunkle, Walthour & Trescher,* for appellee.

OPINION BY KELLER, P. J., July 18, 1941:

Separate appeals were taken to this court from the order of the Court of Common Pleas of Westmoreland County dismissing a *joint petition* for writ of habeas corpus filed by seventeen persons held in the county jail of Westmoreland County, who had been individually convicted and sentenced by the Mayor of the City of Jeannette for violation of a city ordinance.

The errors in the institution of this proceeding, in the caption of the suit, and on the hearing before the court, illustrate the danger of attorneys from outside jurisdictions, who are not familiar with our laws and practice, attempting to institute and conduct legal proceedings in this state. The petition should have been dismissed on presentation. A commitment to prison acts individually on each person committed and a writ seeking his discharge on habeas corpus must likewise be individual. Seventeen persons cannot join in one petition for a writ of habeas corpus, any more than seventeen persons convicted of crime and sentenced to prison could take one appeal. The sentence of imprisonment acts upon each convict personally and separately and each must take a separate appeal: *Durbin v. Com.,* 45 Pa. Superior Ct. 156; *Com. v. Falls,* 102 Pa. Superior Ct. 392; *Com. v. Schollenberger,* 17 Pa. Superior Ct. 218. When filed the petition institutes a new proceeding in which the Commonwealth, at the relation of the particular prisoner seeking to be discharged, is the petitioner and the keeper of the prison detaining him is the respondent. And such a writ does not open up for review the guilt or innocence of the prisoner, who has been

summarily convicted before a magistrate, or court not of record, after a hearing at which witnesses were sworn and testified, and whose conviction has not been reversed on appeal to the court of quarter sessions, nor set aside on certiorari to the common pleas.

These appellants, along with Charles H. Stewart, were arrested on April 2, 1939 for violating ordinance No. 60 of the City of Jeannette regulating canvassing for the sale of merchandise within the city. A hearing was had before the mayor and witnesses were heard. The mayor adjudged all of them guilty and imposed a fine of $50 and costs on each defendant, which was within the penalty prescribed by the ordinance.[1] The defendants petitioned the Court of Quarter Sessions of Westmoreland County for allowance of an appeal, pursuant to the provision of the Constitution (Art. V, sec. 14), and the Act of April 17, 1876, P. L. 29, and its amendments of July 11, 1917, P. L. 771, and April 1, 1925, P. L. 98, carrying it into effect. See Com. ex rel. Marsh v. Lindsey, 130 Pa. Superior Ct. 448, note p. 451, 198 A. 512. Appeals were refused by the court of quarter sessions, and the defendants appealed to this court. Only one of the appeals, was argued. On November 17, 1939 we dismissed the appeal. See Com. v. Stewart, 137 Pa. Superior Ct. 445, 9 A. 2d 179. The Supreme Court of this State refused an appeal, (137 Pa. Superior Ct. xxxiii), and the Supreme Court of the United States denied certiorari (309 U. S. 674 and 699). That case cannot be reopened on a writ of habeas corpus. In the history of the case and brief of argument on that

---

[1] "Any person ...... shall upon conviction ...... forfeit and pay a fine not exceeding one hundred dollars ...... together with costs of suit, and in default of payment thereof, the defendant ...... may be sentenced and committed to the Borough lockup for a period not exceeding five (5) days or to the County Jail for a period not exceeding thirty (30) days." Sec. 2, Ordinance No. 60, approved March 21, 1898.  ;

appeal it was stated by the counsel for appellant, without contradiction by counsel for appellee, that the mayor ordered each defendant, in default of payment of the fine imposed and costs, to be committed to the county jail for a period of five days. It now appears that this statement was erroneous; that what the mayor did was to impose the fine and costs on each defendant. After the Stewart case was decided, the other defendants, whose cases were to be governed by it, presented themselves to the keeper of the county jail to be committed and the mayor issued a commitment directed to the constable and keeper respectively, ordering the former to convey and deliver each defendant—naming him or her —to the keeper of the common jail to be committed for non-payment of said fine and costs; and ordering the latter to receive into his custody in said jail and safely keep him or her until discharged by due process of law.

After five days' imprisonment in the jail, these seventeen appellants presented to the Court of Common Pleas of Westmoreland County a joint petition for a writ of habeas corpus, using the same caption as the petition to the court of quarter sessions for an appeal from the judgments in the summary conviction before the mayor.

A hearing was had in the course of which the sitting judge properly refused to go into the merits of the original conviction (see *Gordon, Secy. of Banking v. Hartford Sterling Co., Lofland's Appeal,* 341 Pa. 401, 20 A. 2d 224, filed May 12, 1941); but after hearing testimony relevant to the pending proceeding, he dismissed the writ and remanded the petitioners into the custody of the keeper of the jail to be there kept until discharged by due process of law.

The petitioners appealed to this court.

The appeal, not being specially allowed by statute, is in the nature of a certiorari, requiring us to examine into the jurisdiction and the regularity of the proceeding.

Jurisdiction in habeas corpus is specially committed to the courts of common pleas and the judges thereof (Acts of February 18, 1785, 2 Sm. L. 275 and April 13, 1791, 3 Sm. L. 28).

The record shows that the petitioners were committed to the custody of the keeper of the county jail by the Mayor of Jeannette for default in payment of fines and costs separately imposed on each petitioner for violation of a city ordinance.

It has been decided by our Supreme Court in *Com. v. Borden*, 61 Pa. 272, that it is not *necessary*—although it may be added, it is not unlawful—in entering a judgment of summary conviction that the *judgment or sentence* should state the alternative duration of imprisonment; that imprisonment is part of the warrant of execution, not of the sentence, and the warrant of commitment should set forth the alternative imprisonment. Hence in the summary conviction on which the commitment was based, the mayor was not required in entering judgment of conviction and imposing sentence of fine and costs, to state the alternative duration of imprisonment if the defendants failed to pay the fine imposed and costs. That could be done in the warrant of commitment, after it was determined that the defendants would not comply with the sentences imposed on them respectively; and should have been done within the limits fixed in the ordinance, to wit, *not exceeding* thirty days if commitment was made to the county jail. In no event could the imprisonment be longer than that fixed in the ordinance as the alternative in default of payment of fine and costs. The acts providing for the release of insolvent debtors (Acts of June 4, 1901, P. L. 404, sec. 6, 39 PS sec. 13; Act of May 6, 1887, P. L. 86, as amended by Act of May 6, 1915, P. L. 266, 39 PS sec. 14) have no application; for the ordinance fixed the limit of imprisonment if the fine imposed and costs were not paid. The prisoners could not be held after

the expiration of the time stated in the warrant of commitment, which could not legally exceed the period fixed in the ordinance.

The initial error of the appellants' counsel in assuming that the commitment was for five days in the county jail, which was apparently acquiesced in by counsel for the city, seems to have been responsible for the subsequent irregularities in the train of events.

The mayor in issuing his warrant of commitment should have specified a definite period of imprisonment in the county jail, not exceeding thirty days. He may have been misled by the averments and allegations of the petitioners.

On the other hand seventeen prisoners confined in the county jail under separate commitments cannot be released or discharged on one petition for writ of habeas corpus. Such a proceeding is too irregular to be sustained. But we feel that, in the circumstances of this case, the appellants have already served a sufficient imprisonment as an alternative punishment for their failure to pay the respective fines imposed and costs, pursuant to the ordinance.

We shall dismiss the appeals for the reasons hereinbefore set forth, but are of opinion that the warrant of commitment should be amended so as to fix a definite period of imprisonment, and suggest that it would be proper to fix it for the period covering the date of the appellants' actual commitment until May 10, 1940, the date of their actual release; and that upon such amendment they be discharged.

Appeals dismissed.