SWANN, Judge.
The petitioner, Robert Williams, has filed here a petition for Writ of Habeas Corpus, individually and on behalf of all others alleged to be in his class.
Petitioner alleged, that his class is composed of all persons presently incarcerated in the Dade County Jail who were not advised of their right to counsel and their right to have counsel appointed for them if they could not afford a lawyer at a preliminary hearing in Dade County, Florida, and who, as a result, were bound over and held answerable to the Criminal Court, in and for Dade County, Florida. He alleged that his class action was authorized under Rule 1.220, R.C.P., 30 F.S.A., and that the issuance of a Writ of Habeas Corpus is required under Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).
We ordered briefs to be filed and permitted oral argument on the applicability of a class suit in a habeas corpus proceeding.
The state’s position is that Rule 1.010, R.C.P. does not authorize an original class action to be filed in the District Court of Appeal as it is not a trial court and that the proper court, if any, for a class action involving fact questions should be the Circuit Court of Dade County, Florida. See Rule 4.5(a) (2), F.A.R., 32 F.S.A. Ordinarily in Florida, class actions are permitted only in equitable actions and we know of no state authority and none has been cited which permits a class action to be used in a habeas corpus proceeding. Cf. Port Royal, Inc. v. Conboy, Fla.App.1963, 154 So. 734.
Petitioner contends that class actions have been allowed in habeas corpus proceedings in Federal Courts in instances where a common point of law was involved. See Adderly v. Wainwright, 46 F.R.D. 97 (M.D. Fla.1968). Cf. Hill v. Nelson, 272 F.Supp. 790 (N.D. Cal. 1967). We do not believe that a common point of law is involved herein and observe that the propriety of this class would involve several factual issues.
We will not rule on the procedural questions raised herein inasmuch as we believe that this proceeding may be disposed of by a ruling on the substantive question.
We hold that a class action is not an appropriate remedy in a habeas corpus proceeding for the various reasons set forth in In Re Kosopud, 272 F. 330 (N.D. Ohio 1920); Riley v. City and County of Denver, 137 Colo. 312, 324 P.2d 790 (1958); Petition of Santiago, 104 N.J.Super. 110, 248 A.2d 701 (1968); Ferree v. Douglas, 145 Pa.Super. 447, 21 A.2d 472 (1941); and 39 C.J.S. Habeas Corpus § 77a.
Turning to the petition of Williams individually we note that in Coleman, supra, the Supreme Court ruled that the right to counsel at state preliminary hearings was subject to the doctrine of Harmless Error and it remanded that cause for determination by the state court of whether any prejudice to the defendant therein had occurred at the preliminary hearing.
In the return of the state to the individual petition of Williams it is demonstrated that Williams is being held as a result of an information filed directly by the State Attorney and that such information was filed as a result of testimony given to an Assistant State Attorney and without reference to any investigation made by the committing magistrate at the preliminary hearing. The state’s position is that this procedure removes the proceedings against Williams from the requirements of Coleman and that such procedure is proper un *500 der Di Bona v. State, Fla.App.1960, 121 So.2d 192. We concur.
The petition for Writ of Habeas Corpus is denied individually and as to this alleged class.
It is so ordered.