Opinion by
Cercone, J.,
After a lengthy investigation by the Philadelphia Police Department, the Federal Bureau of Investigation, the Pennsylvania State Police, and other agencies into the operations of a vast auto theft ring, warrants of arrest were obtained for a number of persons, among whom were Vincent Panetta and Raymond Chalmers. At their preliminary hearing before a lay judge of the Municipal Court of the City of Philadelphia, Panetta and Chalmers were held for court on the amount of bail which they had originally entered. When Panetta and Chalmers refused to present their “bail slips” as proof of the entry of bail, the court ordered them detained until they produced the slips; whereupon, Panetta and Chalmers filed a joint petition for writ of habeas corpus on which the Common Pleas Court in Philadelphia entered an order granting a rule to show cause, staying all proceedings, and setting bail on the petition at the original amount of $1500.
The District Attorney filed an answer to the petition for writ of habeas corpus alleging that the petitioners had, by refusing to present their “bail slips”, voluntarily submitted and surrendered themselves to custody for the sole purpose of making application for writ of habeas corpus. There was no denial of this allegation. The District Attorney also filed a motion to dismiss the petition and to discharge the rule to show cause which the court had granted. The matter came *415 up for hearing before the Common Pleas Court on February 10, 1969 and not until one year later, March 3, 1970, did the court enter an order denying the Commonwealth’s motion to dismiss, but taking no action with respect to defendant’s petition for writ of habeas corpus. On December 7, 1971 the court entered an order issuing the writ of habeas corpus as to Vincent Panetta, stating in a single paragraph opinion the reason that “the Commonwealth is without evidence that defendant had knowledge of the defaced serial numbers”. No reference was made to the joint petitioner.
The Commonwealth has taken an appeal from this order of the court below contending (1) the joint petition for writ of habeas corpus should have been dismissed upon presentation, the law not allowing for such joint petition; and (2) a review by the court of the sufficiency of evidence against a defendant on a petition for a writ of habeas corpus is limited to cases of involuntary restraint of liberty and does not exist where the physical restraint has been self-created.
We find it unnecessary to decide the latter issue for the reason that the court below should not have entertained a joint petition for habeas corpus made in behalf of more than one petitioner: Ferree v. Douglas, 145 Pa. Superior Ct. 447 (1941). This defect was not cured by the simple expedient of the court’s making no disposition as to the status of a joint petitioner. Accordingly, we reverse the order of the court below and remand the matter for further proceedings.
Spaulding and Packed, JJ., concur in the result solely because the restraint was deliberately not avoided in order to seek habeas corpus which otherwise would not have been warranted.