Concurring Opinion by
Hoffman, J.:
I do not agree with the majority’s reliance on the case of Ferree v. Douglas, 145 Pa. Superior Ct. 447,
*416 21 A. 2d 472 (1941). In Ferree v. Douglas seventeen petitioners joined in one habeas corpus petition to challenge their commitment to jail in lieu of payment of a fine imposed by the Mayor of the City of Jeanette, after they were found guilty of violating a city ordinance. The petitioners had all been convicted, and one of the co-defendants had already exhausted his appellate remedies. Commonwealth v. Stewart, 137 Pa. Superior Ct. 445, 9 A. 2d 179 (1939), cert den., 309 U.S. 674 and 699 (1940).
The Court held in Ferree v. Douglas, supra, that the “case cannot be reopened on a writ of habeas corpus.” In the instant case the petitioners have not yet been convicted. They were being held for the grand jury by a lay Judge of the Municipal Court of Philadelphia, and were challenging that Judge’s action. The only review available to the Judge hearing the habeas petition was upon the notes of testimony of the preliminary hearing.
In Ferree v. Douglas, supra, the Court was concerned with the problem of retrying the appellants after one of the parties had exhausted his appellate remedies.[1] In the instant case appellees had only had a preliminary hearing, and in order to challenge the decision of the lay Judge of the Municipal Court, they had filed their petition. They were not in the position of attempting to retry their case, but were seeking appropriate review, which review would be limited to notes of testimony of the preliminary hearing, and would not entail the taking of additional testimony. Therefore, I believe that Ferree v. Douglas, supra, does not control the case before us.
*417 Nonetheless, I believe that the decision of the lower court must be reversed. The record in this case clearly indicates that the Commonwealth did present a prima facie case, and that the lower court erred in granting appellees’ habeas corpus petition. Therefore, I would remand this case with a procedendo.

 It should be noted that after the appellant in Commonwealth v. Stewart, supra, had exhausted his appellate remedies, the other sixteen petitioners attempted to submit to incarceration, and then file a habeas corpus petition.