PER CURIAM.
The Metropolitan Dade County Commission (Commission) authorized zoning variances in favor of Quayside, a real estate project. Two condominium associations, the Villas and the Shores, as well as certain individuals residing within 500 feet of Quayside, or within the nearby geographic area, joined together to fight the zoning variance. Representatives of these groups met with the law firm of Williams, Salo-mon, Kanner, Damian, Weissler & Brooks to commence legal proceedings for the purpose of appealing and having declared void the decision of the Commission.
Their attorney appeared before the Commission and ultimately filed appeals with the circuit court and this court. These suits were instituted solely in the name of the Villas and the Shores with none of the individual residents named as plaintiffs. Prior to the determination of the appeal by this court, the Villas and the Shores independently settled with Quayside. The Villas’ settlement was in the amount of |3,000,000. Quayside agreed to indemnify the Villas from any and all claims by persons not members of the Villas, who had contributed to the legal fees incurred in prosecuting the action and who might claim that the Villas should not have settled. The settlements resulted in the dismissal of the appeal and foreclosed any possibility that the individuals could obtain relief.
Those individuals thereafter filed a seven-count complaint against the Villas, Shores, Quayside, and the lawyers. An appeal from dismissal of their complaint was reversed by this court in McIntosh v. Harbour Club Villas Condominium Association, 421 So.2d 10 (Fla. 3d DCA 1982).[1]
During the progress of that cause in the trial court [McIntosh v. Harbour Club Villas Condominium Association, supra] the appellant herein, Brynwood, intervened in the proceedings, not in recognition of the plaintiff therein,[2] and by their second amended complaint for intervention sought to receive a portion of the settlement proceeds, an injunction, and other general relief. Following argument the trial court granted a motion to dismiss the second amended complaint in intervention with prejudice.[3] We affirm.
*1082 The initial proceeding in the circuit court was a certiorari proceeding pursuant to the applicable Metropolitan ordinance to review a zoning decision by the appropriate county authorities. Those persons who brought the initial appeal represented only themselves and they had a right to dismiss their litigation. If the intervenor was aggrieved by the zoning decision, it had a right to appeal. This it did not do. Brynwood did not allege that it was an objector in the zoning proceedings. It did not claim to have contributed to the legal fund. If Brynwood felt that it was an aggrieved party by the county’s action in granting the zoning variance it should have sought appropriate review, if it had the requisite standing, as it contends. The original appeal was not prosecuted as a class action nor could it have been certified as a class action. Compare: Brown v. Wainwright, 392 So.2d 1327 (Fla.1981); Wags Transportation System, Inc. v. City of Miami Beach, 88 So.2d 751 (Fla.1956); State v. Purdy, 242 So.2d 498 (Fla. 3d DCA 1971); Kearney v. Saline, 208 So.2d 650 (Fla. 1st DCA 1968); Rule 1.220 Florida Rules of Civil Procedure. Class actions are normally instituted in a trial court and not in an appellate court.
Therefore, we find the appellant’s contention that it should recover herein on the basis that it is a member of a class, to be without merit. The other contentions ad *1083 vanced by Brynwood are also found to be without merit.
Accordingly, the order dismissing the second amended complaint in intervention with prejudice is hereby affirmed.
Affirmed.

. Certain companion cases were also heard by this court. See Williams v. Harbour Club Villas Condominium Association, Inc., 436 So.2d 233 (Fla. 3d DCA 1983); Quayside Associates, Ltd., v. Harbour Club Villas Condominium, Inc., 419 So.2d 678 (Fla. 3d DCA 1982).

. Rule 1.230 Fla.R.Civ.P. Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.

.THIS CAUSE coming on to be heard before me, the undersigned Judge of the above entitled Court, on Motion to Dismiss filed by HARBOUR CLUB VILLAS CONDOMINIUM ASSOCIATION and QUAYSIDE ASSOCIATES, LTD., said motion being directed to the Second Amended Complaint in Intervention of BRYN-WOOD CONDOMINIUM, INC., and the Court being duly advised and having heard argument of counsel, having examined the memoranda of law presented by the parties, finds as follows:
1. The Second Amended Complaint in Intervention filed by BRYNWOOD CONDOMINIUM, INC., basically seeks relief on grounds that HARBOUR CLUB VILLAS, et al., undertook to appeal a zoning decision granting cer *1082 tain variances to QUAYSIDE ASSOCIATES, LTD., for the construction of a high-rise project adjacent to HARBOUR CLUB VILLAS. HARBOUR CLUB VILLAS CONDOMINIUM ASSOCIATIONS, SHORES CONDOMINIUM ASSOCIATION, BISCAYNE PARK HOMEOWNERS ASSOCIATION, AUDUBON SOCIETY and others, and not BRYNWOOD CONDOMINIUM, INC., contributed to a fund and hired an attorney, Gary Brooks, to challenge the zoning variances granted by the Metropolitan Dade County Commission and to take all necessary appellate steps. The petition for common law certiorari taken by the technical appellant, HARBOUR CLUB VILLAS CONDOMINIUM ASSOCIATION, after the Circuit Court-Appellate division denied relief, was settled after oral argument but before the Third District Court of Appeal had ruled. HARB-OUR CLUB VILLAS CONDOMINIUM and QUAYSIDE ASSOCIATES, LTD. signed a settlement agreement whereby HARBOUR CLUB VILLAS CONDOMINIUM ASSOCIATION received three million dollars ($3,000,000.00).
2. BRYNWOOD CONDOMINIUM INC., Second Amended Complaint in intervention seeks to set aside the zoning variances granted to QUAYSIDE ASSOCIATES, LTD., or to participate in the three million dollars ($3,000,-000.00) settlement monies. HARBOUR CLUB VILLAS and QUAYSIDE ASSOCIATES, LTD., move to dismiss the Second Amended Complaint in Intervention on the grounds: (1) the zoning issues and appeal were settled; (2) the appeal filed by HARBOUR CLUB VILLAS was not brought as a certified class action; (3) BRYNWOOD had no standing to contest the zoning issue and was not entitled to share in the settlement proceeds as a third party beneficiary.
3. In order to challenge the zoning variances afforded to QUAYSIDE, BRYNWOOD would have to allege that they suffered special damages different in kind, rather than different in degree, from those suffered by the community as a whole. Skaggs-Albertson P., Inc. v. Michaels [Micheis] Belle. B. L. [B1.] P., 322 [332] So.2d 113 (Fla. 2d DCA 1976); Skaggs-Albertson v. ABC Liquors, Inc., 363 So.2d 1082 (Fla.1978). Because the Second Amended Complaint in Intervention does not allege special damages, BRYNWOOD had no right to challenge the original zoning and has no right here to claim an interest in the settlement proceeds.
4. Here, under the allegations of the Second Amended Complaint in Intervention, BRYN-WOOD would not and does not have any right to bring the prior litigation. BRYNWOOD, unable to assert the doctrine of virtual representation, could not have been affected by the prior zoning litigation. The settlement of that litigation did not affect its rights. It has no rights to share in the proceeds of the settlement. Treasure Salvors, Inc. v. Unidentified Wrecked, etc., 599 [459] F.Supp. 607 [507] (S.D.Fla.1978), aff'd, State of Florida, Department of State v. Treasure Salvors, Inc., 621 F.2d 1340 (5th Cir.1980).
5. The Second Amended Complaint in Intervention fails to state a cause of action on a third party beneficiary theory. In order to fall within the third party rule, the contract must show a clear intent and purpose to benefit a specific third person. Marianna Lime Product, Co. v. McKay [109 Fla. 275], 147 So.2d 264 (Fla. 1937 [1933]): 11 Fla.Jur.2d, Contracts, Section 155 and cases cited therein. BRYNWOOD was not an intended beneficiary of the settlement agreement. Cherry Lake, Inc. v. Kreace [Kearce], 26 So.2d 434 (Fla.1946).
UPON the above, it is
ORDERED that the Motion to dismiss filed by QUAYSIDE ASSOCIATES, LTD., and HARBOUR CLUB VILLAS CONDOMINIUM ASSOCIATION, be and the same is hereby granted. BRYNWOOD CONDOMINIUM, INC.’s Second Amended Complaint in Intervention is dismissed with prejudice.