# Schuylkill Haven Borough *v.* Trinity Church, Appellant.

*Statutes—Repeal—Municipal liens—Church property — Exemption—Acts of June 4, 1901, P. L. 364, and May 12, 1911, P. L. 288.*

The Act of May 12, 1911, P. L. 288, which empowers boroughs to pave public streets and assess the properties abutting on them by the foot front rule does not repeal Section 5 of the Act of June 4, 1901, P. L. 364, as amended by the Act of March 19, 1903, P. L. 41, exempting actual places of religious worship from municipal claims for street improvements. There is no inequality if the Act of March 19, 1903, P. L. 41, is allowed to stand.

414 SCHUYLKILL H. BORO. *v.* TRINITY CH., Appellant.

Argued Dec. 9, 1915. Appeal, No. 332, Oct. T., 1915, by plaintiff, from order of C. P. Schuylkill Co., March T., 1915, No. 16, discharging rule for judgment for want of a sufficient affidavit of defense in case of Schuylkill Haven Borough v. Trinity Church of the Evangelical Association of North America. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Scire facias sur municipal lien for paving. Before BRUMM, J.

The defendant filed an affidavit of defense setting forth that the defendant was a church corporation, and that the property against which the claim was filed was an actual place of religious worship, and exempt from a municipal claim under the Act of June 4, 1901, P. L. 64, as amended by the Act of March 19, 1903, P. L. 41.

The case turned on the question as to whether the Act of May 12, 1911, P. L. 288, did or did not repeal the Act of March 19, 1903, P. L. 41.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*J. A. Noecker,* for appellant.—The Act of 1911 makes all the real estate bounding and abutting on the paved street liable to assessment for said improvements, and therefore repeals that portion of the Act of 1901, upon which appellee relies for exemption: Spees v. Boggs, 204 Pa. 504; Rodebaugh v. Philadelphia Traction Co., 190 Pa. 360; Scranton v. Koehler, 200 Pa. 126; McGonigle v. Allegheny, 44 Pa. 118; Ligonier Borough v. Presbyterian Church, 22 Dist. Rep. 868; Mt. Oliver Borough v. Congregational Church, 51 Pa. Superior Ct. 343.

*J. L. Stauffer,* with him *Roscoe R. Koch,* for appellees. —A general statute without negative words will not re-

peal a previous statute which is special or particular though the provision in the two be different: Rounds v. Waymart Borough, 81 Pa. 395; Wright v. Vickers, 81 Pa. 122; Brown v. Commissioners, 21 Pa. 37; Sifred v. Com., 104 Pa. 179.

OPINION BY TREXLER, J., March 1, 1916:

The matter arises by reason of the municipal lien filed by the Borough of Schuylkill Haven for the paving of Dock street against defendant's property "an actual place of religious worship." Section 5 of the Act of June 4, 1901, P. L. 364, provides that public property used for public purposes, actual places of religious worship, places of burial, not used for private profit and institutions of purely public character shall not be subject to taxation or municipal claims, with certain exceptions. The Act of May 12, 1911, P. L. 288, empowers boroughs without petition of property owners to pave and otherwise improve public streets and assess a portion of the cost of the improvements on the owners of property abutting thereon. It is claimed as the latter act provides an equal assessment by the foot front on the real estate, abounding and abutting on such street, that the legislature, by employing general terms indicated that the assessment was to be against all the owners and that as it was to be equal it necessarily included all and that the exemption given by the Act of 1903, to actual places of religious worship is taken away. In other words that the Act of 1903 is impliedly repealed as to boroughs. The Act of 1911 contains no repealing clause. Implied repeals are not favored. "It is well settled that the leaning of all courts is strongly against repealing the positive provisions of a former statute by construction. There must be such a manifest and total repugnance that the two enactments cannot both stand. It is not enough that there is discrepancy between different parts of a system of legislation on the same general subject; there must be a conflict between different acts on the same

specified subject.   An earlier statute is repealed only in those particulars wherein it is clearly inconsistent and irreconcilable with the later enactments": Com., ex rel., v. DeCamp, 177 Pa. 112, and cases there cited.

The subject of the Act of 1901 is taxation and that of the Act of 1911 is the improvement of streets in boroughs.   It seems to be a violent presumption that the legislature, when it provided that the abutting property holders should be liable for their foot front portion of the improvement of the streets, intended to legislate upon the exemption of church property.   The Act of 1901 is general in its application to all cities and boroughs.   If we adopt the construction of the appellants, the exemption as to places of religious worship in cities would remain but would be taken away in boroughs.   We would be loathe to adopt a conclusion that would bring about such a result; a result which would hardly have been within the legislative intent at the time of the passage of the act.

As to appellants contention that there is unequality if we allow the Act of 1903 to stand, we think that was answered by our Brother Henderson in Pittsburgh v. Calvary Cem. Assn., 44 Pa. Superior Ct. 289.   Property used for public purposes, cemeteries and actual places of religious worship and other exempted property are taken out of the lists of things liable to assessment.   The equality which is to be maintained is as to those who are liable and against them the assessment must be equally charged.

The assignments of error are overruled.   Decree affirmed.