## Commonwealth ex rel. Speese, Appellant, *v.* Keenan.

Submitted June 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Samuel Speese,* appellant, in propria persona.

*Clarence C. Newcomer,* Assistant District Attorney, and *Alfred C. Alspach,* District Attorney, for appellee.

OPINION BY WATKINS, J., September 13, 1962:

This is an appeal from the order of the Court of Common Pleas of Lancaster County dismissing the relator appellant's petition for a writ of habeas corpus. On December 16, 1960, Samuel Shireman Speese, the appellant, pleaded guilty to a charge of obtaining property by false pretense and was sentenced on the same day by the Court of Quarter Sessions of Lancaster County to a fine of $25 and to undergo imprisonment in the Lancaster County prison for a period of six (6) months.

At the time the Lancaster County sentence was imposed the appellant was, and still is, serving a sentence of six (6) months to twenty-three (23) months in the Allegheny County Workhouse, under sentence imposed by the Court of Quarter Sessions of Clinton County, on October 12, 1960. His petition was filed on February 15, 1962, alleging that the court erred in imposing sentence. The court below dismissed it, without hearing, on the ground that it raised no new legal question not already disposed of by orders of the court below on similar petitions filed by the appellant on March 15, 1961, September 15, 1961 and November 13, 1961.

The only question raised by the petitioner is whether the sentences in Clinton and Lancaster counties should not be served concurrently. This question has been disposed of by this Court in *Com. ex rel. Pitts v. Myers*, 196 Pa. Superior Ct. 277, 175 A. 2d 331 (1961), where we held that sentences imposed by different courts, at different times, to separate and distinct county prisons, are presumably consecutive where the sentences are silent on the concurrent or cumulative character of the imprisonment. As was said by President Judge RHODES, at page 282, "The presumption that sentences are to run concurrently has no application where the sentences are imposed by different courts to be served in separate and distinct institutions."

Order affirmed.