Opinion by
 

 Weight, J.,
 

 Ernest W. Money has appealed from an order of Court of Common Pleas No. 5 of Philadelphia County dismissing his petition for a writ of habeas corpus. The situation revealed by the record is set forth in the following excerpt from the opinion of Judge Weineott for the court below:
 

 “An examination of the record discloses that on August 23, 1951, relator was sentenced by now President Judge Byron A. Milnee to a term of not less than 2 nor more than 5 years in the Eastern State Penitentiary. Thereafter, on September 24, 1951, Judge Curtís Boic imposed a term of not less than 1 nor more than 2 years to run concurrently with the sentence imposed the previous month. On July 29, 1954, Money was paroled with the maximum date of release being July 29, 1956.
 

 “Then on March 2, 1955, while on parole, relator was arrested and on April 28, 1955, tried and sentenced by Judge Maueice W. Sporkin to a term of not less than 3 nor more than 10 years for robbery [No. 383 April Sessions 1955]. That sentence was to begin at the expiration of the time remaining for violation of parole, and relator was returned to the Eastern State Penitentiary to commence serving his back time for parole violation. However, on June 2, 1956, on instructions from the Attorney General he was re-entered to begin the sentence imposed on April 28, 1955, with the charge of parole violation acting as a detainer against him for the reason that relator had been paroled from the Graterford institution on July 29, 1954, and
 
 the
 
 
 *507
 
 sentence of April 28, 1955 was to another institution. It was ruled that the service of the new sentence must precede the service of the back time for parole violation by reason of the fact that the Act of June 28, 1957, P. L. 429, was not in effect at the time of sentencing by Judge Sporkin.
 

 “Relator Money was sentenced on June 12, 1959 on Bill No. 438 March Sessions 1959, to serve not less than 5 years nor more than 15 years for Aggravated Robbery. [The date of this crime was November 17, 1954].
 

 “The minimum term of the sentence imposed under Bill of Indictment No. 383 April Sessions 1955, expired on March 2, 1958; the maximum will expire on March 2, 1965. The minimum term of the sentence imposed under Bill of Indictment No. 438 March Sessions 1959, will expire on June 12, 1964; the maximum sentence will expire on June 12, 1974”.
 

 Appellant’s contention is directed to the order in which he is being required to serve his sentences. This question may not be raised in a habeas corpus proceeding:
 
 Commonwealth ex rel. Salerno v. Banmiller,
 
 189 Pa. Superior Ct. 156, 149 A. 2d 501;
 
 Commonwealth ex rel. O’Neill v. Banmiller,
 
 189 Pa. Superior Ct. 168, 149 A. 2d 505;
 
 Commonwealth ex rel. Trevethan v. Myers,
 
 189 Pa. Superior Ct. 621, 151 A. 2d 672;
 
 Commonwealth ex rel. Smith v. Hendrick,
 
 196 Pa. Superior Ct. 289, 175 A. 2d 92. However, we shall briefly discuss the merits of the appeal.
 

 Appellant is now confined in the State Correctional Institution at Pittsburgh, having been transferred there on February 28, 1962. He is presently serving the maximum term of his sentence at No. 383 April Sessions 1955, and concurrently therewith is serving the minimum term of his sentence at No. 438 March Sessions 1959. The Act of May 28, 1937, P. L. 1036, 19 P.S. 894, provides that, where the person sentenced
 
 *508
 
 shall then he undergoing imprisonment under a sentence imposed for another offense, the sentencing court has discretion to direct that the new sentence shall begin to run either from the date of imposition thereof or from the expiration of the prior sentence. Unless the sentencing court directs otherwise, and there was no such direction in the case at bar, the second sentence is effective from the date of its imposition and thus runs concurrently with the first:
 
 Commonwealth ex rel. Pitts v. Myers,
 
 196 Pa. Superior Ct. 277, 175 A. 2d 331;
 
 Commonwealth ex rel. Via v. Banmiller,
 
 188 Pa. Superior Ct. 124, 146 A. 2d 93. It is therefore apparent that appellant’s sentences are being served in conformity with the applicable law. Where a petitioner is legally detained in prison he is not entitled to the writ of habeas corpus:
 
 Commonwealth ex rel. Codispoti v. Rundle,
 
 200 Pa. Superior Ct. 487, 190 A. 2d 153;
 
 Commonwealth ex rel. Biglow v. Ashe,
 
 348 Pa. 409, 35 A. 2d 340.
 

 Appellant’s real complaint is that he may eventually be required to serve two years back time on the sentence of August 23, 1951. This is a matter for the Board of Parole to determine. A petition for a writ of habeas corpus is not the proper proceeding for obtaining an adjudication of the question whether or not the petitioner is eligible for parole:
 
 Commonwealth ex rel. Sherman v. Burke,
 
 364 Pa. 198, 70 A. 2d 302. According to a letter received by appellant from the Board, attached to his brief, his situation will be reviewed on June 12, 1964, “when you become eligible on concurrent overlapping minimum”.
 

 Order affirmed.