## Litzelman Appeal.

Argued December 17, 1965.  Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Anthony D. Miele,* with him *Patrick H. Fierro,* and *Fierro & Miele,* for appellants.

*Henry G. Hager, 3rd,* District Attorney, for Commonwealth, appellant.

OPINION BY JACOBS, J., March 24, 1966:

The principal question raised in these appeals is whether or not the insolvency law of 1901 applies to violators of The Game Law who are imprisoned for failure to pay fines and costs.

On December 21, 1964, Darcy D. Litzelman was found guilty of violating The Game Law of the Commonwealth, Act of June 3, 1937, P. L. 1225, as amended, 34 P.S. §1311.1 et seq., by Lycoming County Justice of the Peace Dean E. Dawes. He was sentenced to pay a fine and costs totalling $309. On January 5, 1965, he was found guilty of another violation of The Game Law by the same justice of the peace and was sentenced to pay a fine and costs of $527 and to forfeit an automobile and certain hunting equipment to the Pennsylvania Game Commission. On March 20, 1965, being unable to pay the two fines and costs, Darcy was sentenced by Squire Dawes and committed to Lycoming County Prison to serve one day in jail for each dollar of the fine and costs, pursuant to Section 731 of The Game Law, 34 P.S. §1311.731, 836 days.

On May 6, 1965, while incarcerated in the Lycoming County Prison, Darcy plead guilty to another violation of The Game Law before the same justice of the peace and was sentenced to pay a fine and costs of $906. Unable to pay this fine and costs, Darcy was sentenced by Squire Dawes to serve one day in the same jail for each dollar of the fine and costs, 906 days.

On April 21, 1965, Howard E. Litzelman plead guilty before Lycoming County Justice of the Peace Howard Campbell to a violation of The Game Law and was sentenced to pay a fine and costs of $827. Unable to pay the fine and costs, he was sentenced by Squire Campbell to the Lycoming County Prison for 827 days. On the same date, Howard plead guilty before Squire Dawes to certain other violations of The Game Law and was sentenced to pay a fine and costs of $4,663. Since he was unable to pay this fine and costs, Howard was on the same date sentenced and committed by this justice of the peace to the Lycoming County Prison for 4,663 days.

All of the offenses of which the Litzelmans were convicted are designated as summary offenses by The Game Law and jurisdiction is given to the nearest available justice of the peace. 34 P.S. §§1311.1201-1311.1202.

After serving three months in jail, each Litzelman filed a petition with the Common Pleas Court of Lycoming County, asking to be discharged from prison under Section 6 of the Act of June 4, 1901, P. L. 404, 39 P.S. §13, providing for the release of insolvents, hereinafter called the Insolvency Act. The Common Pleas Court in each case directed that the petitioner be discharged from imprisonment under his first commitment and made the discharge effective as of June 16, 1965 for Darcy and as of July 19, 1965 for Howard. The court also held that neither petitioner could be discharged from his second commitment until three months from discharge on his first commitment (September 16, 1965 for Darcy and October 19, 1965 for Howard) on the ground that the sentences imposed were consecutive. Both the Commonwealth and the Litzelmans have appealed from the order of discharge. The Commonwealth contends that the provisions of the Insolvency Act of 1901 do not apply to The Game

Law, and the Litzelmans contend that they should have been discharged from all commitments after serving three months in prison. On August 13, 1965, the court below provided that the appeals should operate as a supersedeas and released the Litzelmans from jail on bail pending the disposition of the appeals.

We agree with the conclusion of the lower court that the penalty provision of The Game Law here at issue is subject to the discharge provision of the Insolvency Act. The language of the two statutes, the rules of statutory construction, and considerations of reason and fairness all compel this conclusion.

The Act of June 4, 1901, P. L. 404, §6, 39 P.S. §13, provides:

"The court of common pleas of any county . . . in which any person may be confined for the nonpayment of any fine or of the costs of prosecution . . . shall discharge such person from confinement on his making application and conforming to the provisions herein directed in the case of insolvents, who have been arrested on civil process: Provided, that where such person shall have been sentenced to the payment of a fine . . . he shall not be entitled to make such application until after he shall have been in actual confinement for a period of not less than three months . . ."

Section 731 of The Game Law, Act of June 3, 1937, P. L. 1225, as amended, 34 P.S. §1311.731, provides:

"Upon failure of any person convicted of a first offense to immediately pay the fine imposed and costs of prosecution, he shall be imprisoned one day for each dollar of the fine imposed and costs of prosecution."

Clearly the Litzelmans, sentenced and committed under the latter act, were confined for the nonpayment of fines and costs of prosecution. Unless it can be shown that the fine and costs under The Game Law are for some reason not within the fine and costs our legislature referred to in the Insolvency Act, the In-

solvency Act, by its own wording, is applicable. The Commonwealth fails to meet this burden.

First it cites *Ferree v. Douglas,* 145 Pa. Superior Ct. 447, 21 A. 2d 472 (1941), which held that the Insolvency Act had no application to a city ordinance. Ferree and others were sentenced to jail for failure to pay a fine of $50 imposed under a city ordinance. The city ordinance in that case fixed a limit on the imprisonment, providing that any commitment for failure to pay a fine should not exceed 30 days. Our court held that the prisoner had to be released at the end of 30 days, making it impossible to invoke the provisions of the Insolvency Act, which requires three months of confinement before applying for discharge. The Game Law contains no such limitation of imprisonment. Thus the *Ferree* case is inapplicable.

The Commonwealth's argument that the legislature imposed the jail sentence in The Game Law specifically to avoid and make inapplicable the discharge provisions of the Insolvency Act is untenable. First of all, since The Game Law contains no express repeal of any provisions of the Insolvency Act, any repeal must be by implication, which is not favored by the law. *H. C. Frick Coke Company Appeal,* 352 Pa. 269, 42 A. 2d 532 (1945); *Kingston Borough v. Kalanosky,* 155 Pa. Superior Ct. 424, 38 A. 2d 393 (1944). Secondly, since the two statutes in question do not deal with the same subject matter, the later law shall not be construed to repeal the earlier one unless the two are irreconcilable. Section 91 of the Statutory Construction Act of 1937, P. L. 1019, 46 P.S. §591; *Schuylkill Haven Borough v. Trinity Church,* 62 Pa. Superior Ct. 413 (1916). We see nothing irreconcilable between a statute dealing only with game regulation which provides imprisonment for a violator who is unwilling or unable to pay fines and costs and a statute dealing with insolvency which provides for release from

imprisonment only when the prisoner is insolvent. One statute permits imprisonment and is silent as to release; the other fixes a limit on imprisonment and mandates release. It is only when the imprisonment imposed under the former statute exceeds three months and the game law violator confined is insolvent that the latter statute has any application. When this situation arises, the statute of release must control.

The Commonwealth's contention is also contrary to reason and fairness. It would take a strained and far-fetched construction to hold that the legislature when it acted on the subject of game and wild birds intended to change the insolvency laws of the Commonwealth. Adoption of this contention would also mean that the relief of the insolvency laws would be taken away from the person found guilty of a summary conviction but remain for the person who commits an indictable crime. We have grave doubts of the constitutionality of such a result, which would permit a man to remain in jail for 4,663 days, or almost 13 years, on a commitment by a justice of the peace. Nor are we impressed with the contention that the deterrent efficacy of The Game Law will be lost if we apply the Insolvency Act. A reading of the penalty provisions of The Game Law discloses that where a second or subsequent offense is committed, the sentencing authority may, "in addition" to the fine, impose "imprisonment one day for each dollar of the fine imposed." Where a jail sentence is thus meted out "in addition" to the fine, the defendant would not be confined for the nonpayment of the fine and the Insolvency Act would have no application to the jail sentence imposed in addition to the fine for a second violation. The Commonwealth's fear is unwarranted.

The other issue raised in these appeals is the correctness of the lower court's holding that a full three months must be served on each commitment before a

prisoner is eligible for release under the Insolvency Act. We agree with the court below that when a defendant is sentenced to jail for failure to pay a fine he must have been in actual confinement on that sentence for a period of three months before he can ask for discharge, and that his discharge shall be effective only as to that sentence. However, we disagree with the lower court's disposition of the Litzelmans' petitions as to their second commitments. A review of the law on sentencing leads to the conclusion that both Litzelmans are entitled to discharge from their second commitment now.

Where sentences are imposed at the same time by the same court to the same institution, such sentences run concurrently unless the court directs otherwise. *Halderman's Petition*, 276 Pa. 1, 119 A. 735 (1923). Where the person sentenced is then undergoing imprisonment in the same institution under a sentence imposed for another offense, the second sentence is effective from the date of its imposition and runs concurrently with the first, unless the sentencing court directs otherwise. *Commonwealth ex rel. Money v. Maroney*, 202 Pa. Superior Ct. 505, 198 A. 2d 380 (1964); *Commonwealth ex rel. Pitts v. Myers*, 196 Pa. Superior Ct. 277, 175 A. 2d 331 (1961).[1] See the Act of May 28, 1937, P. L. 1036, 19 P.S. §894, and 57 A.L.R. 2d 1410, 1417. In the sentencing of both Litzelmans there was no indication by the justices of the peace that the sentences imposed were to be consecutive or served at the expiration of any other sentence; therefore, they are concurrent.

Thus, in the case of Darcy D. Litzelman the two sentences imposed on March 20, 1965 were served concurrently and Darcy Litzelman was entitled to release

---

[1] The fact that the sentencing court here was a justice of the peace certainly does not argue for a less strict application of this rule.

from those sentences at the end of three months from March 20, 1965. The sentence imposed on Darcy Litzelman on May 6, 1965 ran concurrently with the sentences of March 20, 1965 and was effective from the date of its imposition, May 6, 1965. The three months, when computed from that date, expired before Darcy was released on bail pending this appeal on August 13, 1965. In the case of Howard E. Litzelman the sentences were imposed by different justices of the peace but on the same day, in the same county, and to the same institution and the sentences, not indicating that either was to be consecutive, are concurrent. Howard E. Litzelman is entitled to discharge from both sentences at the expiration of three months from April 21, 1965. Since he was in jail until August 13, 1965, those three months have expired.

In the case of Darcy D. Litzelman the order of the court below that he be discharged from imprisonment under the commitment of March 20, 1965 is affirmed. The order in reference to the commitment of May 6, 1965 is reversed and it is directed that the court entertain a petition for discharge from that commitment now.

In the case of Howard E. Litzelman the order of the court below directing that he be discharged from imprisonment under the commitment dated April 21, 1965 is affirmed. The order in reference to the other commitment on April 21, 1965 is reversed and it is directed that the court entertain a petition for discharge from that commitment now.

———

CONCURRING OPINION BY ERVIN, P. J.:

I agree with the decision reached by the majority but desire to add one comment. The District Attorney, in his brief, "argues" that the result of the order is that there is no distinction in penalties between two impecunious defendants, one of whom shot and killed

only one deer and the other who shot and killed fifty. This is not correct. The release under the Insolvency Act only discharges the defendant from physical confinement. It does not affect the fines, which remain as a liability and may be collected from his after acquired assets. For a thorough discussion of the whole subject, see *In re Fines, Costs and Forfeited Recognizances*, 3 Lyc. 1 (1950).