Andrew Taylor, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, April 10, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE.

*Andrew Taylor,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., July 19, 1978:

We have before us the preliminary objections in the nature of a demurrer of the Pennsylvania Board of Probation and Parole (Board) to the petition for writ of mandamus, which we have treated as a petition for review.

The relevant facts are not in dispute. On December 17, 1959, Andrew Taylor (Petitioner) was convicted in Philadelphia County of aggravated robbery and assault with intent to kill. He was sentenced consecutively to eight to sixteen years for the robbery count and three and one-half to seven years for the assault count. Following his conviction, Petitioner was returned to New Jersey to complete a sentence which he had been serving there. On May 2, 1960, he completed the New Jersey sentence and was transferred to Pennsylvania's Eastern State Penitentiary to begin serving the sentence imposed on December 17, 1959. Upon his arrival at Eastern State, prison records officials aggregated Petitioner's two consecutive sentences to form one sentence of 11½ to 23 years, *i.e.,* they combined the two minimums and combined the two maximums. The officials recorded the effective date of that sentence as May 2, 1960, with minimum expiring November 2, 1971 and maximum expiring May 2, 1983. Petitioner was released on parole on February 14, 1972 having served 11 years, 9 months, 12 days.

On March 30, 1974, Petitioner was arrested on multiple charges, including robbery, rape and burglary; the Board filed a parole violation warrant three days later. Following a hearing, the Board ordered Petitioner detained pending disposition of the criminal charges.

Petitioner was subsequently convicted and sentenced on June 6, 1975, to concurrent terms of 10 to 20 years for robbery and five to 10 years for criminal conspiracy. Following the convictions, Petitioner was afforded a Full Board Revocation Hearing, as a result of which he was recommitted to his 1959 sentence as a convicted parole violator; his backtime on that sentence was computed by the Board to be 11 years, two months, 18 days and his maximum modified to August 24, 1986. However, simultaneously with the recommitment, the Board reparoled Petitioner to begin serving the 1975 sentence,[1] for which the Board recorded an effective date of June 3, 1975,[2] a minimum expiration date of June 3, 1985 and maximum expiration date of June 3, 1995. Petitioner is currently serving that sentence.

Petitioner raises several issues with respect to the computation of his sentences. First, he alleges that his 1959 sentences should be deemed to have begun to run

[1] According to the Certificate of the Chairman of the Pennsylvania Board of Probation and Parole, appended to the Board's brief pursuant to Section 8 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.8, the Board's action, as recorded August 9, 1976, was "Recommit as a Convicted Parole Violator. Reparole August 9, 1976 to detainer sentence only. Must abide by the rules and regulations of the Institution. Failure to do so may result in parole revocation." Though the action was recorded August 9, 1976, the Board intended it to relate back to June 6, 1975, since the expiration date of August 24, 1986 is 11 years, two months, 18 days from that date.

[2] In recording the effective date of that sentence as June 3, 1975, instead of June 6, 1975, the date of sentencing, the Board apparently was giving Petitioner credit for the three days he was in custody between his arrest and the Board's filing of its parole violation warrant. (March 30, 1974 to April 2, 1974) That time was properly credited toward his new sentence because the Board had not yet asserted its jurisdiction and, therefore, the incarceration for those three days flowed, not from the Board's power over the Petitioner, but rather from his arrest on the new charges.

from the date of their imposition, *i.e.,* December 17, 1959, not from May 2, 1960, the date of his transfer from New Jersey to Pennsylvania, because, he alleges, the Pennsylvania sentences ran concurrently with the unexpired term of the New Jersey sentence. At the time of his sentencing, this question was controlled by the Act of May 28, 1937, P.L. 1036, *as amended,* 19 P.S. §894, which provided:

From and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct.

In interpreting that Act, our Superior Court has ruled that sentences by different courts for different offenses, to be served at separate and distinct institutions, are presumed consecutive in the absence of an express indication to the contrary in the second sentence. *Commonwealth ex rel. Pitts v. Myers,* 196 Pa. Superior Ct. 277, 175 A.2d 331 (1961). *See also Commonwealth ex rel. Speese v. Keenan,* 199 Pa. Superior Ct. 144, 184 A.2d 386 (1962); *Commonwealth ex rel. Coffman v. Kennan,* 198 Pa. Superior Ct. 80, 182 A.2d 288 (1962). The opposite presumption—*i.e.,* that the sentences are concurrent—is raised when the sentences are imposed by the same court to the same institution. *Litzelman Appeal,* 207 Pa. Superior Ct. 374, 217 A.2d 838 (1966); *Commonwealth ex rel. Money v. Maroney,*

202 Pa. Superior Ct. 505, 198 A.2d 380 (1964). Since the sentencing judge in Pennsylvania did not order that the sentence he was imposing be served concurrently with Petitioner's New Jersey sentence, the two are consecutive, and the effective date of the Pennsylvania sentences was properly entered as May 2, 1960.

Petitioner next contends that his 1975 court-imposed sentence for robbery and his recommitment by the Board to his 1959 term, for violation of his parole, should run concurrently, and should commence with the date of his re-arrest on March 30, 1974, and thus that he is entitled to approximately 14 months credit on his 1975 sentence. We do not agree. We have held that, under Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21(a) (Act), where a parolee is convicted of a crime while on parole, the remainder of the original sentence and the new sentence must run consecutively. *Young v. Pennsylvania Board of Probation and Parole,* 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977). Therefore, the Board did not err in entering the effective date of his new sentence as June 3, 1975. However, it did err in failing to give him credit toward the backtime on his original sentence, for approximately 14 months of incarceration from April 2, 1974, the date the Board filed its parole violation warrant, to June 6, 1975, the date of his sentencing on the new charges. It is clear that in computing that backtime to be 11 years, two months, 18 days, the Board simply subtracted the time Petitioner served before his parole on February 14, 1972 (11 years, 9 months, 12 days) from the 23 year maximum. The Board did not deduct the 14 months in question from either the backtime on the original sentence or from the term of the new sentence.[3] Since

---

[3] Although the Board states in its brief that the 14 months was credited toward the new sentence, the Chairman's Certificate, by

Petitioner's 14-month incarceration flowed from the Board's April 2, 1974 filing of a parole violation warrant and its May 3, 1974 action detaining Petitioner pending the outcome of the new criminal charges, the time spent incarcerated awaiting trial and sentencing on the new charges must be credited toward the backtime on the original sentence.[4] *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977). The Board concedes this point in its brief and states that, in light of *Mitchell,* the backtime on Petitioner's original sentence must be reduced by the amount of time spent in custody under the Board's warrant so as to reduce the maximum expiration of August 24, 1986 to June 20, 1985.

Finally, Petitioner alleges that in aggregating his two consecutive 1959 sentences into one 11½ to 23 year sentence, the Board has denied him his right to a parole hearing at the completion of one of the two component minimum sentences. The result, he argues, is that his Board-computed backtime does not reflect the possibility that, upon completion of one minimum, he may have been paroled to begin serving the second consecutive sentence and that, from that point, the *remainder* of the first sentence would run *concurrently* with the second sentence.

---

stating that the minimum on that sentence was June 3, 1985 and the maximum June 3, 1995, clearly indicates that no such crediting was effected.

[4] The fact that the Board recommitted Petitioner to his backtime and simultaneously re-paroled him to his new sentence does not alter this result. As we noted in *Young v. Pennsylvania Board of Probation and Parole, supra,* recommitment to service of the backtime on an original sentence must precede commencement of service of the new sentence, under Section 21.1(a) of the Act, and the Board was therefore technically required to recommit Petitioner and then re-parole him.

At the time Petitioner began serving his sentence in Pennsylvania, the Board's authority to aggregate sentences was founded upon Section 1 of the Act of June 25, 1937, P.L. 2093, *as amended,* 19 P.S. §897, which provided:[5]

> Whenever, after the effective date of this act, two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences.

---

[5] In 1973, the statute was suspended by Pennsylvania Rule of Criminal Procedure 1415(c), as being inconsistent with Rule 1406, which provides:

Imposition of Sentence: Computation and Service

(a) Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently unless the judge states otherwise.

(b) A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of court, shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to the imposition of sentence.

(c) When, at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offence or offenses, the instant sentence which the judge is imposing shall be deemed to commence from the date of imposition thereof unless the judge states that it shall commence from the date of expiration of such other sentence or sentences.

This section was enacted to enable the Board to aggregate sentences for purposes of parole and to eliminate the requirement that a prisoner serving consecutive sentences apply for a "constructive parole" before beginning to serve his next consecutive sentence. *Commonwealth ex rel. Lycett v. Ashe,* 145 Pa. Superior Ct. 26, 20 A.2d 881 (1941). Petitioner does not contest that authority or challenge the validity of that stated purpose; he concedes that he was not eligible for release from prison prior to his serving the aggregated minimum of 11½ years. He merely contends that, even after the aggregation, he should be entitled to apply for parole upon completion of the minimum of the first sentence (8 years) and, that if parole were granted from that sentence, he would immediately begin serving the second term (3½ year minimum) and, *concurrently,* continue serving the remainder of the first term. Thus, he argues, at the completion of his 11½ year aggregated minimum, he would have completed 11½ years of his first sentence and 3½ years of his second term, leaving backtime of only eight years (4½ years on the first sentence, plus 3½ years on the second) and not 11½ years.[6] His position is without merit. While the statute itself does not address the question of computation of backtime, cases decided under the statute have held that when consecutively imposed sentences are aggregated, the unexpired maximum of the first sentence does *not* run

----

[6] Conversely, according to Petitioner's argument, if he were deemed to have begun serving the 3½ to 7 year sentence first, then if he had been granted parole from that sentence at the end of the 3½ year minimum, he would have immediately begun serving the minimum on the 8 to 16 year sentence and would have continued to serve the remaining 3½ years on the first sentence concurrently. Thus, after 11½ years in prison, he would have served all 7 years on the first sentence, plus the eight year minimum on the second, leaving only eight years of backtime.

concurrently with the minimum of the next sentence. *Commonwealth ex rel. Tiscio v. Martin,* 180 Pa. Superior Ct. 462, 120 A.2d 307 (1956); *Commonwealth ex rel. Tiscio v. Burke,* 173 Pa. Superior Ct. 350, 98 A.2d 760 (1953); *Commonwealth ex rel. Lycett v. Ashe, supra.*

Accordingly, we

ORDER

AND Now, this 19th day of July, 1978, the preliminary objections of the Pennsylvania Board of Probation and Parole are sustained and the petition for review is dismissed. The Board of Probation and Parole shall amend its records to reflect the backtime on Petitioner's sentences of December 17, 1959 to be 10 years, 14 days, and the expiration date of the maximum of that sentence to be June 20, 1985.