579 A.2d 897

**COMMONWEALTH of Pennsylvania**

**v.**

**Howard PFEIFFER, II, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1990.

Filed Aug. 17, 1990.

Reargument Denied Oct. 2, 1990.

Mark S. Love, Mt. Pocono, for appellant.

David E. Christine, Jr., Dist. Atty., E. Stroudsburg, for Com., appellee.

Before McEWEN, OLSZEWSKI and BROSKY, JJ.

OLSZEWSKI, Judge:

This an appeal from the judgment of sentence of the Court of Common Pleas of Monroe County after a plea of guilty to one count of possession with intent to deliver a controlled substance, 35 P.S. § 780–113(a)(30). On appeal, it is submitted that absent anything to the contrary in the court's sentencing order, appellant's state sentence for the instant crime should run concurrent to a county sentence he is currently serving. In addition, appellant argues that the sentence received in the instant case amounts to an infringement on his Eighth Amendment rights as it is disproportionate to the nature of the crime committed. Finally, appellant contends that under the facts of the instant case, the sentence imposed upon him was an abuse of discretion on the part of the trial court. For the following reasons, we affirm.

Appellant was originally charged in this matter with one count of possession of a controlled substance and one count of possession with intent to deliver a controlled substance. The charges were the result of appellant's involvement in a sale of cocaine to an undercover police officer and an informant on August 12, 1988. On September 6, 1989, pursuant to a plea agreement, appellant pleaded guilty to possession with intent to deliver and a pre-sentence investigation was ordered prior to sentencing.[1] In the meantime, however, appellant pleaded guilty to possession of a controlled substance arising out of an incident on September 2, 1989, where appellant was found shooting cocaine with a female companion in her automobile. As a result of this latest plea, appellant was sentenced by a district justice to ninety days in the Monroe County jail, plus fines and costs.

Thereafter, on November 2, 1989, the trial court sentenced appellant on the instant charge to a term of imprisonment totaling three-to-six years in a state correctional

---

1. The charge of possession of a controlled substance was later nol-prossed.

facility, plus costs and restitution.[2]  Appellant, through counsel, filed a motion to reconsider the sentence on November 9, 1989, requesting a lower sentence because of family hardship and the fact that appellant was a drug user in need of medical help.  Counsel then withdrew from representation, and appellant, through new counsel, filed another motion for reconsideration on November 13, 1989. In the second motion, appellant raised the issue of whether his prior sentence should run concurrent to or consecutive with the instant sentence.  Appellant also raised additional reasons why the trial court should use its discretion to lower his sentence and grant him county rather than state time.  After a hearing on the merits, the court denied the motions.  Appellant then filed the instant appeal.

█  It is axiomatic that a plea of guilty constitutes a waiver of all defects and defenses save those concerning the jurisdiction of the court, validity of the plea, and any legal or discretionary challenge to the sentence.  *Commonwealth v. Becker*, 383 Pa.Super. 553, 557 A.2d 390 (1990). Before we can review a sentencing matter, however, it must be properly preserved in the trial court by way of a timely motion to reconsider and/or modify the sentence.  Pa.R. Crim.P., Rule 1410, 42 Pa.C.S.A. Failure to file such a motion, or the failure to file in a timely manner, waives all sentencing claims, except for those involving the *legality* of the sentence.  *Commonwealth v. Bogden*, 364 Pa.Super. 300, 528 A.2d 168 (1987); *Commonwealth v. Smith*, 386 Pa.Super. 626, 563 A.2d 905 (1989).  As this Court has observed, "[t]he legality of sentence exception to the waiver doctrine has traditionally been limited to situations where the claim is that the sentence is facially illegal.  The obvious example is a case where a sentence is beyond the statutorily prescribed limits."  *Commonwealth v. Wallace*, 368 Pa.Super. 255, 533 A.2d 1051 (1987).  Another is where the claim centers around the propriety and manner in which

**2.** This sentence was within the standard range of the sentencing guidelines for convictions involving less than two grams of cocaine, where the defendant had a prior record score of 5.  *See* 42 Pa.C.S.A. § 9721.  In this case, appellant's prior record score was 5.

the sentence was imposed. *Commonwealth v. Ragoli,* 362 Pa.Super. 390, 524 A.2d 933 (1987).

■ Even where a sentencing issue is properly preserved in the trial court, we must next determine if the issue is properly preserved on appeal. Issues involving the legality of sentence are, of course, appealable as of right. 42 Pa.C.S.A. § 9781(a). To reach the merits of a discretionary sentencing issue, however, we must determine: (1) whether appellant has set forth, in a separate section of his brief, a concise statement of the reasons relied upon for allowance of appeal; and, if so (2) whether appellant has advanced a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the Sentencing Code, or were contrary to the fundamental norms which underlie the sentencing process. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987); *Commonwealth v. Hall,* 382 Pa.Super. 6, 554 A.2d 919 (1989); *Commonwealth v. Felix,* 372 Pa.Super. 145, 539 A.2d 371 (1988).

■ Applying these standards to the case at bar, we will examine the instant claims. In so doing, we note initially that appellant's first argument was raised in his second motion for reconsideration filed on November 13, 1989, one day after the statutory deadline. *See* Pa.R.Crim.P. 1410. While in other circumstances, this would result in a waiver of this claim, we agree with appellant that this matter goes to the legality of his sentence and is, therefore, not subject to waiver. Unfortunately for appellant, however, we find no merit to his contention.

■ Appellant contends that the trial court failed to indicate in its written order whether the instant state sentence was to run concurrent to or consecutive with a county sentence he is currently serving. In light of this failure appellant contends that, as a matter of law, the instant sentence is deemed to run concurrent to his county sentence. *See Commonwealth ex rel. Woods v. Howard,* 249 Pa.Super. 428, 378 A.2d 370 (1977); *Commonwealth v.*

*Pristas,* 222 Pa.Super. 254, 295 A.2d 114 (1972); *Litzelman Appeal,* 207 Pa.Super. 374, 217 A.2d 838 (1966); *Commonwealth ex rel. Money v. Maroney,* 202 Pa.Super. 505, 198 A.2d 380 (1964).[3]

Contrary to appellant's line of case law, however, we are not dealing with a situation where both sentences were imposed by the same court to be served in the same institution. Here, we have a situation where different courts have sentenced appellant for different offenses to be served at separate and distinct institutions. In this situation, absent any written indication to the contrary, it is presumed that the sentences are to run consecutively. *Taylor v. Commonwealth Board of Probation and Parole,* 36 Pa.Cmwlth. 625, 388 A.2d 777 (1978); *Commonwealth ex rel. Speese v. Keenan,* 199 Pa.Super. 144, 184 A.2d 386 (1962); *Commonwealth ex rel. Pitts v. Myers,* 196 Pa.Super. 277, 175 A.2d 331 (1961). Instantly, the trial judge was aware of appellant's immediate incarceration prior to sentencing for the instant offense. His intent to have the instant state sentence run consecutive to his county sentence is, therefore, presumed.[4] Accordingly, appellant's claim must fail.

Next, appellant argues that the application of the sentencing guidelines in this case resulted in a sentence that is grossly disproportionate to the nature of the crime committed and, as such, resulted in a violation of his Eighth Amendment rights. This issue was never raised before the court by way of a motion for reconsideration and is, therefore, subject to a waiver analysis. In an apparent effort to avoid waiver, appellant treats this issue as if it were an

3. Both parties address this issue utilizing case law which interpreted the Act of May 28, 1937, P.L. 1036, § 1; 19 P.S. § 894. This statute was suspended in 1973 and replaced by Pa.R.Crim.P., Rule 1406, 42 Pa.C.S.A. Because we find no substantial change in the law occasioning the advent of Rule 1406, *see Commonwealth v. Holz,* 245 Pa.Super. 376, 387–88, 369 A.2d 452, 458 (1977) (Spaeth, J., concurring and dissenting), we deem the case law cited by the parties appropriate and dispositive of the instant issue.

4. This intent was also apparent during the hearing on reconsideration and in the court's 1925(a) opinion.

attack on the legality of his sentence. This assumption, however, is erroneous. Appellant does not complain that his sentence goes beyond any statutory maximum. Rather, he complains that the trial judge, in using his discretionary power to apply the standard range of the sentencing guidelines, has violated appellant's Eighth Amendment rights by imposing a sentence that is too harsh under the circumstances. Constitutional attacks such as these do not go to the legality of the sentence and, therefore, must be raised and preserved at each level of the criminal proceeding. *Commonwealth v. Wallace*, 368 Pa.Super. at 261–62, 533 A.2d at 1054. Because appellant has failed to do so, this claim is waived.

■ Finally, it is submitted that the trial court abused its discretion by imposing a three-to-six year prison term upon appellant. In his Rule 2119(f) statement, appellant claims that the instant sentence was inappropriate because he was not a dealer, he had previously been assaulted while incarcerated in a state penitentiary; his family situation was precarious; and the nature of his offense, absent any prior record, would warrant a lesser sentence. These items were raised in appellant's second motion for reconsideration which, as we have indicated before, was untimely filed. Because these claims in many instances mirror those concerns raised in appellant's first motion, however, we will not find waiver on this basis. Rather, despite appellant's arguments to the contrary, we find no substantial question present which would require our intervention. The sentence imposed was within the guidelines, and was based on appellant's significant prior criminal record. As such, appellant does not offer any argument on appeal which would indicate to this Court that his sentence was inconsistent with the guidelines or the fundamental norms which underlie the sentencing process. Accordingly, we decline to review the discretionary exercise of the court in formulating its sentence.

Judgment of sentence affirmed.

McEWEN, J., files a dissenting statement.

McEWEN, Judge, dissenting.

While I hesitate to differ with such distinguished colleagues as compose the majority, I am compelled by the express provision of Pa.R.Crim.P. 1406 to the position that the instant sentence must be deemed to run concurrently with the earlier sentence. Rule 1406 provides, *inter alia:*

**RULE 1406. Imposition of Sentence: Computation and Service**

(a) Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently unless the judge states otherwise.

\* \* \* \* \* \*

(c) When, at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offense or offenses, the instant sentence which the judge is imposing shall be deemed to commence from the date of imposition thereof unless the judge states that it shall commence from the date of expiration of such other sentence or sentences.

The cases relied upon by the majority address and analyze the Act of May 28, 1937, P.L. 1036, § 1, 19 P.S. § 894, which provided:

From and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct.

The Act of May 28, 1937, however, has been suspended. *See:* Pa.R.Crim.P. 1415(c). Since Rule 1406 does not mirror the former statute, the cases interpreting the former statute are not helpful to my study of the issue, particularly in the face of the clear and unequivocal mandate of Rule 1406. Thus it is that I most respectfully dissent.