## Commonwealth v. Lundberg

*James P. Gregor, assistant district attorney,* for the Commonwealth.
*Thomas P. Sundmaker,* for the defendant.

O'BRIEN, *J.,* May 9, 1992—

### FINDINGS OF FACT

(1) On October 27, 1988, the defendant was incarcerated in the Monroe County Correctional Facility after his bail was revoked following an arrest on a charge of driving under the influence of alcohol.

(2) On January 4, 1989, a jury found the defendant guilty of a charge of driving under the influence of

alcohol. The defendant was remanded to the Monroe County Correctional Facility following trial.

(3) On March 17, 1989, the defendant posted bail with the prothonotary of Monroe County and was released from the Monroe County Correctional Facility.

(4) On April 11, 1989, this court denied the defendant's post-verdict motions and directed him to appear for sentencing on May 17, 1989.

(5) On May 17, 1989, in violation of the conditions of his bail, the defendant failed to appear for sentencing and a bench warrant was issued.

(6) On July 13, 1989, the defendant was recommitted to the Monroe County Correctional Facility following his apprehension on the bench warrant.

(7) On July 19, 1989, this court imposed a sentence upon the defendant which included, inter alia, "incarceration in the Monroe County Correctional Facility for a period of not less than one year nor more than two years."

(8) On September 15, 1989, another judge of this court authorized defendant's work release from the Monroe County Correctional Facility to work five days a week from 9 a.m. through 5:30 p.m.

(9) On October 2, 1989, while out of the correctional facility on work release, the defendant fled.

(10) During his unauthorized absence from the Monroe County Correctional Facility, the defendant was charged with other crimes in Warren and Forest County and sentenced to certain terms of imprisonment by another judge serving those counties.

(11) On March 4, 1992, the defendant was recommitted to the Monroe County Correctional Facility fol-

lowing his apprehension on a bench warrant issued by this court.

## DISCUSSION

Although the defendant has served only approximately nine months of his minimum sentence of 12 months imposed by this court in the Monroe County Correctional Facility, he has filed a writ of habeas corpus seeking his release from the correctional facility. The thrust of defendant's argument is that the time he spent serving sentences in Western Pennsylvania for crimes committed while he was absent without authorization from Monroe County should count towards our sentence. Thus defendant argues we should construe such sentences to run concurrently and, therefore, afford him a benefit from his unlawful acts. This argument has been specifically rejected by our Superior Court in *Commonwealth v. Pfeiffer*, 396 Pa. Super. 641, 579 A.2d 897 (1990) where the court stated:

"Contrary to appellant's line of case law, however, we are not dealing with a situation where both sentences were imposed by the same court to be served in the same institution. Here, we have a situation where different courts have sentenced appellant for different offenses to be served at separate and distinct institutions. In this situation, absent any written indication to the contrary, it is presumed that the sentences are to run consecutively."

## CONCLUSIONS OF LAW

(1) The defendant's incarceration in the Monroe County Correctional Facility is pursuant to a valid sen-

tence imposed by this court and he has not yet completed the minimum term required by said sentence.

(2) The defendant is entitled to credit for the sentence imposed by this court for the following periods: October 27, 1988, through March 17, 1989; July 13, 1989 through October 2, 1989; March 4, 1992 through the current date.

(3) The defendant has failed to establish any basis for the grant of a writ of habeas corpus.

## ORDER

And now, May 4, 1992, the petition of defendant Daniel E. Lundberg for a writ of habeas corpus is denied.