J-S26011-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYETTA JO LEE | : | |
| | : | |
| Appellant | : | No. 1108 WDA 2019 |

Appeal from the Order Entered May 23, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001080-2014

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                          FILED JULY 10, 2020

Rayetta Jo Lee (Appellant) appeals pro se from the order denying her "Petition for Reconsideration of Sentence Nunc Pro Tunc."  We affirm, albeit on different grounds than the trial court.[1]

On July 13, 2015, Appellant pled guilty to one count of aggravated assault.[2]  That same day, the trial court sentenced Appellant to 5 to 10 years of incarceration, followed by 5 years of probation.  Appellant filed a timely post-sentence motion requesting to withdraw her guilty plea, which was denied on July 24, 2015.  Appellant did not file a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] "[W]e may affirm the PCRA court's decision on any basis."  Commonwealth v. Charleston, 94 A.3d 1012, 1028 (Pa. Super. 2014) (citation omitted).

[2] 18 Pa.C.S.A. § 2702(a)(1).

On February 2, 2016, Appellant filed a pro se petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel, who on July 20, 2016, filed a petition to withdraw and no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). On August 1, 2016, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On August 22, 2016, the PCRA court dismissed Appellant's petition. Appellant did not appeal.

On February 25, 2019, Appellant filed the underlying "Motion for Reconsideration of Sentence Nunc Pro Tunc." The trial court did not construe this filing as a PCRA petition. Instead, it treated it as an untimely post-sentence motion and denied it on May 23, 2019. Appellant timely filed this pro se appeal. She purports to challenge the legality of her sentence, which the trial court imposed consecutively to her sentence to serve "backtime"[3] following a parole violation.[4] See Appellant's Brief at *1-2; see also

_____

[3] "Backtime" is defined as "the unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1.

[4] At a different docket, CP-04-CR-411-2004, Appellant was convicted of attempted homicide and sentenced on August 30, 2006 to 5 to 10 years of incarceration. Appellant was subsequently paroled. Before she reached her maximum sentence date, however, she committed the aggravated assault at the underlying docket. Thus, Appellant was recommitted to serve the remainder of her sentence at CP-04-CR-411-2004, prior to the

Appellant's Concise Statement, 7/15/19 ("the trial court err[ed] when [it] did not run [Appellant's] back time concurrent with [the] sentence imposed on [July 13, 2015] for subsequent conviction").

Prior to addressing Appellant's issue, we address jurisdiction. Appellant labeled her filing as a "Petition for Reconsideration of Sentence Nunc Pro Tunc," which the trial court construed as an untimely motion to reconsider sentence. See Trial Court Opinion, 8/16/19. However, it is well settled that "the PCRA subsumes all forms of collateral relief . . . to the extent a remedy is available under such enactment." Commonwealth v. West, 938 A.2d 1034, 1043 (Pa. 2007) (emphasis in original). Appellant challenges the legality of her sentence, which is cognizable under the PCRA. See Commonwealth v. Pfeiffer, 579 A.2d 897, 899 (Pa. Super. 1990) (issue of whether defendant's sentence is to be concurrent to or consecutive with a sentence she is currently serving challenges the legality of sentence); Commonwealth v. Beck, 848 A.2d 987, 989 (Pa. Super. 2004) (recognizing that issues concerning legality of sentence are cognizable under the PCRA). Consequently, Appellant's "Petition for Reconsideration of Sentence Nunc Pro Tunc" is a second PCRA petition. We therefore consider its timeliness.[5]

_____

commencement of her sentence in this case. See 61 Pa.C.S.A. § 6138(a)(5) (where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence).

[5] "[T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." Commonwealth v. Monaco, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."

_____

which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." Commonwealth v. Miller, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted).

Commonwealth v. Derrickson, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting Commonwealth v. Chester, 895 A.2d 520, 522 (Pa. 2006)).

Here, the trial court sentenced Appellant on July 13, 2015, and denied her timely post-sentence motion on July 24, 2015. Appellant had 30 days from the denial, or August 24, 2015, to file a notice of appeal with this Court. See Pa.R.Crim.P. 720(A)(2)(a) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed . . . within 30 days of the entry of the order deciding the motion[.]"). Appellant did not file an appeal. Thus, her sentence became final on August 24, 2015. See 42 Pa.C.S.A. § 9545(b)(3) (a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Appellant had one year – until August 24, 2016 – to file a timely PCRA petition.

Appellant filed a timely first pro se PCRA petition on February 2, 2016, for which she received counsel, but which the PCRA court ultimately denied. Appellant filed a second petition, i.e., her "Petition for Reconsideration of Sentence Nunc Pro Tunc," more than three years later, on February 25, 2019. Appellant's petition is facially untimely, and she has not attempted to plead or prove a timeliness exception. See Petition, 2/25/19. Accordingly, we lack jurisdiction to address her sentencing issue.

We recognize that Appellant did not expressly request relief under the PCRA, the trial court did not treat her petition as being raised under the PCRA, and the trial court did not give Appellant notice of intent to dismiss[6] or an opportunity to amend. See Pa.R.Crim.P. 907(a); Pa.R.Crim.P. 905(B). However, our Supreme Court has repeated the judicial precept that "in the interest of justice, we will regard as done that which ought to have been done." See Commonwealth v. Robinson, 204 A.3d 326, 357 (Pa. 2018), cert. denied sub nom. Robinson v. Pennsylvania, 139 S. Ct. 2719, 204 L. Ed. 2d 1115 (2019). Moreover, Appellant's pro se status "confers no special benefit." See Commonwealth v. Lyons, 833 A.2d 245, 251-52 (Pa. Super. 2003). "[A]ny layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing." Commonwealth v. Greenwalt, 796 A.2d 996, 997 (Pa. Super. 2002) (citation omitted).

Order affirmed.

_____

[6] Appellant does not challenge notice, and the failure to do so constitutes waiver. Commonwealth v. Boyd, 923 A.2d 513, 514 n.1 (Pa. Super. 2017).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/10/2020</u>