J-S32028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUTHER ADAM BARNETT | : | |
| | : | |
| Appellant | : | No. 353 WDA 2021 |

Appeal from the PCRA Order Entered February 17, 2021
In the Court of Common Pleas of Erie County
Criminal Division at CP-25-CR-0002274-2018

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:              **FILED: NOVEMBER 12, 2021**

Luther Adam Barnett (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we reverse and remand for further proceedings.

On September 18, 2018, while Appellant was on state parole, the Commonwealth charged him with one count each of robbery, aggravated assault and terroristic threats, and two counts each of possessing instruments of crime and simple assault.[1]  On October 4, 2018, Appellant pled guilty to one count of robbery, and the remaining charges were *nolle prossed*.  At sentencing, Appellant requested the trial court sentence him to 3½ – 7 years

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(i), 2702(a)(4), 2706(a)(1), 907(a), and 2701(a)(1), respectively.

of incarceration, and that the sentence run concurrently "to any supervision – or consequences from his state parole[.]" N.T., 4/16/19, at 6. The Commonwealth requested a longer standard range sentence of 47 – 57 months of incarceration, but did not address the concurrent or consecutive nature of Appellant's sentence. *Id.* at 10-11.

After hearing argument from counsel, the trial court sentenced Appellant to 4 – 8 years of incarceration, concurrent with "any other State sentence(s) [Appellant] is currently serving." Sentencing Order, 4/16/19. On May 7, 2019, Appellant filed an untimely *pro se* "Motion for Sentence Modification," which the trial court denied on May 16, 2019. Appellant did not file a direct appeal.

On June 7, 2019, Appellant received notice from the Department of Corrections that his "new sentence and his original sentence are prohibited from running concurrently by statute." Post Conviction Collateral Relief Act Motion, 4/13/20, at 4, Ex. A. On April 13, 2020, Appellant filed a *pro se* PCRA petition requesting that the Department of Corrections be required to comply with the sentence imposed by the trial court. The PCRA court appointed counsel, who filed a supplemental petition. Supplemental Motion for Post Conviction Collateral Relief, 7/6/20.

On January 12, 2021, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907; Appellant did not file a response. The PCRA court dismissed the petition on February

17, 2021. Appellant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement. He presents the following question:

> Whether the lower [c]ourt erred in failing to grant PCRA relief in that the guilty plea was invalidated given that the lower [c]ourt expressly imposed the new sentence as to the instant case, committed while [Appellant] was then on state parole, concurrent with all other sentences, which resulted in an inherently inconsistent and illegal sentence as in that circumstance the new sentence must run consecutive to the sentence imposed by the Board of Probation and Parole arising from the violation by operation of statutory law?

Appellant's Brief at 2.

We review an order dismissing a PCRA petition to determine whether the order is "supported by the evidence of record and is free from legal error." *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id*. (citation omitted). Instantly, Appellant challenges the legality of his sentence, which is cognizable under the PCRA. *See Commonwealth v. Pfeiffer*, 579 A.2d 897, 899 (Pa. Super. 1990) (issue of whether defendant's sentence was concurrent or consecutive with sentence he was currently serving goes to legality); *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004) (issues concerning legality of sentence are cognizable under PCRA). Upon review, we conclude that Appellant's sentence violates the Parole Act, 61 Pa.C.S.A. §§ 6101-6153.

Section 6138(5) of the Parole Act states, in relevant part:

**§ 6138. Violation of terms of parole**

. . .

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(5)(i).

"In other words, where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted). Therefore, any attempt to impose a new state sentence concurrent with a parolee's backtime on the original sentence is an illegal sentence. ***See id***. (citation omitted).

Here, after Appellant pled guilty to robbery, and the Commonwealth *nolle prossed* the remaining charges, the trial court sentenced Appellant to 4 — 8 years of incarceration to run concurrent with "any other State sentence(s)[.]" Sentencing Order, 4/16/19. This sentence is illegal. ***See*** 61 Pa.C.S.A. § 6138(a)(5)(i); ***see also Kelley***, 136 A.3d at 1013 (citation omitted). Accordingly, because the PCRA court erred in failing to recognize the illegality of Appellant's sentence, we reverse the order denying relief, vacate the judgment of sentence, and remand for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/12/2021