J-S81042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHNNY MARCELLUS COLLINS | : | |
| | : | |
| Appellant | : | No. 1175 MDA 2018 |

Appeal from the PCRA Order Entered July 5, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006085-2010

BEFORE: STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED MARCH 19, 2019**

Appellant, Johnny Marcellus Collins, appeals *pro se* from the order entered by the Court of Common Pleas of Dauphin County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Based on the holdings in **Alleyne v. United States**, 133 S.Ct. 2151 (2013) and **Commonwealth v. Cardwell**, 105 A.3d 748 (Pa.Super. 2014), we reverse the order of the PCRA court only with respect to Appellant's legality of sentence claim, vacate the judgment of sentence, and remand for resentencing.

On October 19, 2010, authorities arrested Appellant for his alleged unlawful delivery of a controlled substance[1] to a confidential informant during

_____

[1] 35 P.S. § 780-113(a)(30).

_____

\* Former Justice specially assigned to the Superior Court.

a September 16, 2010, controlled buy. A search of his person incident to the arrest revealed contraband supporting additional charges, including one count of possession with the intent to deliver a controlled substance ("PWID").[2]

The PCRA court aptly sets forth the subsequent procedural history as follows:[3]

> Appellant, through the assistance of Brian Perry, Esq., filed an Omnibus Pre-trial Motion on August 2, 2011. On September 20, 2011, a Pre-trial Suppression Hearing was held before [the trial court]. Thereafter, the parties were ordered to submit briefs. On October 3, 2011, Appellant informed [the trial court] through pro se correspondence that he wanted to fire his private counsel of record. On October 14, 2011, Brian Perry, Esq. filed a Brief in Support of the Omnibus Pre-Trial Motion. The Commonwealth submitted [its] Brief in Opposition on October 25, 2011. Shortly thereafter, on November 15, 2011, Appellant filed a *pro se* Application to Proceed in Forma Pauperis, a Motion to go *pro se*, and a *pro se* Motion for Change of Custody. These Motions were distributed to counsel of record, Brian Perry, Esq., pursuant to Rule 576(A)(f). However, on November 21, 2011, Brian Perry, Esq. filed a Motion to Withdraw as Counsel. In consideration of Appellant's October 3, 2011, correspondence, said withdrawal was granted that same day.
>
> ***
> Finally, [after the court's disposition of *serial pro s*e filings], on January 11, 2012, a hearing was held before [the trial court] wherein Appellant's Omnibus Pre-Trial Suppression Motion and his various other *pro se* Motions were denied. Moreover, pursuant to Appellant's *pro se* Motion for Speedy Trial, a trial date was set.
>
> [After the court's continued disposition of serial *pro se* filings], on February 27, 2012, trial was continued and Karl Romminger, Esq., entered his appearance on behalf of Appellant.

---

[2] 35 P.S. § 780-113(a)(30).
[3] The PCRA court's Pa.R.A.P. 1925(a) opinion also provides a detailed account of pertinent facts, which we need not reproduce for our present purposes.

A jury trial commenced on May 7, 2012. On May 8, 2012, the jury returned a guilty verdict on all counts. Sentencing was deferred pending a pre-sentence investigation.

Appellant was sentenced on July 25, 2012, [to a three to six year sentence of incarceration for Unlawful Delivery of a Controlled substance; a five to ten year sentence of incarceration for PWID; a one to two year sentence of incarceration for Tampering/Fabricating Physical Evidence; a twelve month sentence of state supervision; and no further sentence for Unlawful Possession of a Small Amount of Marijuana]. Sentences were ordered to run consecutively, plus a fine of $50 and costs imposed on each count.

On August 24, 2012 Appellant filed a direct appeal with the Superior Court of Pennsylvania. . . . The Superior Court affirmed judgment of sentence on or around October 18, 2013.

On February 2, 2014, Appellant filed a pro se PCRA [petition. A counseled amended petition followed, which resulted in the PCRA court reinstating Appellant's direct appeal rights *nunc pro tunc*. Appellant filed a timely counseled direct appeal *nunc pro tunc* with the Pennsylvania Superior Court, which, by its order and memorandum of February 19, 2016, rejected Appellant's claim based on the "hot pursuit" exception provided in the Municipal Police Jurisdictional Act (MPJA).

\*\*\*

On May 4, 2016, Appellant filed a *pro se* PCRA [petition] and Memorandum of Law. On May 2, 2016, [the PCRA] court ordered the Commonwealth to respond. Subsequently, [the PCRA court] appointed [PCRA] counsel . . . as it would be considered [Appellant's] first PCRA [petition].

On February 1, 2017, after numerous extensions of time, counsel filed a Motion to Withdraw which was granted on February 2, 2017. New counsel, Christopher Wilson, Esq., was simultaneously appointed. After numerous extensions of time, Attorney Wilson's Motion to Withdraw was filed on January 1, 2018. [The PCRA court] granted [counsel's motion on January 22, 2018. Subsequently, the court issued its Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. Roughly two weeks later, on June 13, 2018, Appellant filed a *pro se* Answer opposing the court's notice of dismissal. On June 27, 2018, after considering

Appellant's *pro se* Answer, the PCRA court dismissed Appellant's petition.  This timely appeal followed].

PCRA Court Opinion, 10/30/18, at 1-4.

Appellant presents the following ten questions for our review:[4]

1.  Whether trial counsel was ineffective for failing to seek identity of informant and failing to file Motion to Suppress physical evidence?

2.  Whether appellate counsel was insufficient for failing to raise insufficient evidence claim, weight of evidence claim, the claim the court shifted burden, discretionary aspect of sentence claim, consecutive sentence claim, error in imposing mandatory sentence, and manipulated sentence?

3.  Whether the trial court abused its discretion when it illegally modified Appellant's sentence without jurisdiction?

4.  Whether the trial court abused its discretion when it granted PCRA counsel's motion to withdraw without appointing new counsel?

Appellant's brief, at 3.

"On appeal from denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error."  ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted).  On questions of law, our scope of review is *de novo*.  ***See id***.

---

[4] Appellant couches seven distinct issues within his second enumerated question.

In Appellant's first issue, he contends trial counsel ineffectively represented him during the suppression hearing by failing to seek disclosure of the confidential informant's identity. The record belies this claim.

To establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted).

The burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.* (citation omitted); *see also Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." (citation omitted)). "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Moreover, a PCRA petitioner is not automatically entitled to an evidentiary hearing on his petition. *See Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015). "[T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the

petitioner is not entitled to postconviction collateral relief, and no purpose would be served by any further proceedings." *Id*. On appeal, we "examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Id*. (citation omitted).

Appellant filed a counseled omnibus pre-trial motion that included a motion to suppress all incriminating evidence as the product of what he termed as an unlawful warrantless arrest. On September 20, 2011, the trial court conducted a suppression hearing at which Detective Jason Paul of the Harrisburg Police Department testified that probable cause for the arrest stemmed from a September 16, 2010, controlled buy. N.T. 9/20/11 at 35-39. According to Detective Paul, the buy occurred under the supervision of Detective Cory Dickerson of the Dauphin County Drug Task Force, who was present with a confidential informant ("CI") and witnessed a hand-to-hand exchange of narcotics for money between the CI and Appellant. N.T. at 38.

Paul explained that Detective Dickerson supplied him with official paperwork memorializing Dickerson's observations, which prompted Paul to launch an investigation into Appellant's ongoing activities. The department, therefore, deferred arresting Appellant for the September controlled buy until October 19, 2010, when it received word that Appellant would be in possession of a large quantity of narcotics intended for sale later that day. N.T. at 35-47; 49-53.

Toward the end of the suppression hearing, defense counsel asked the court "to consider directing [the Commonwealth] to disclose that information [the identity of the confidential informant . . . as it] goes to potential credibility. I've raised the credibility of the confidential informant." N.T. at 70-71. The court declined, noting defense counsel's argument that the validity of the arrest turned on the confidential informant's credibility ignored pivotal evidence demonstrating that Officer Dickerson's report, based as it was on the detective's first-hand observation of the controlled buy, formed a sufficient basis for the arrest. N.T. at 71-75.

Appellant now contends trial counsel ineffectively failed to move for disclosure of the CI's identity. As discussed, the record proves false the premise of Appellant's claim, as trial counsel clearly sought such disclosure. Moreover, even if trial counsel had not sought disclosure, no prejudice would have resulted, for the evidence established that Detective Dickerson's personal observation of Appellant's September 16, 2010, sale of narcotics to the CI supplied probable cause to arrest Appellant. *See Commonwealth v. Charleston*, 16 A.3d 505, 515-16 (Pa.Super. 2011) (although arresting officer did not have probable cause to arrest, detective who ordered defendant's arrest possessed sufficient information giving rise to probable cause) (citations omitted); *Commonwealth v. Eicher*, 605 A.2d 337, 346 n.12 (Pa.Super. 1992) (defendant's warrantless arrest was lawful where police officers who effectuated arrest were informed by another officer of his criminal

conduct) (citation omitted). Hence, Appellant's first claim of ineffectiveness fails.

Next, Appellant raises numerous claims of appellate counsel's alleged ineffectiveness, which assert failures to challenge: the sufficiency of the evidence; the weight of the evidence; the court's alleged misallocation of the burden of proof; the discretionary aspects of Appellant's sentence; and, the imposition of a sentence greater than the statutory maximum. We discern no merit to any of the claims.

We first examine Appellant's ineffective assistance claim premised on appellate counsel's failure to assail the sufficiency of the evidence. Specifically, with respect to his conviction for the September 16, 2010, delivery of crack cocaine, Appellant contends no witness positively identified him as the seller or claimed to have seen the seller possess the baggie of crack cocaine turned over by the CI to Detective Dickerson.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Id.*** (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. ***See id***. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." ***Commonwealth v. Kinney***, 863 A.2d 581, 584 (Pa. Super. 2004). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Bruce***, 916 A.2d at 661 (citation omitted).

At trial, Detective Dickerson testified that he prepared for the controlled buy by searching the CI prior to entering the Paxton Street Pub, and he found no money or contraband on him. N.T. at 14. Dickerson also positively identified Appellant as the seller with whom the CI and he met on September 16, 2010, as he was already familiar with Appellant from previous undercover work. N.T. at 22.

Detective Dickerson then described the exchange he witnessed. Specifically, he testified that Appellant, the CI, and he were sitting at the bar when Appellant went to the bathroom. Dickerson handed the CI $170 pre-recorded buy money during this time, and when Appellant returned to his seat Dickerson watched him hand a baggie to the CI in exchange for the $170. N.T. 5/7/12, at 16-18. The CI never pocketed the baggie but kept it in his hand until Appellant left the pub just two minutes later, Dickerson testified, at which time the CI immediately handed the baggie to Dickerson. N.T. 17, 34-

- 9 -

35. Dickerson later field tested the contents of the baggie, which tested positive for crack cocaine.

When reviewing this testimony by taking all reasonable inferences in favor of the verdict winner, as we must, we conclude it was sufficient to support the jury's conclusion that Dickerson identified Appellant as the seller who delivered the baggie of crack cocaine to the CI at the time in question. *See Commonwealth v. Baker*, 615 A.2d 23, 25–26 (Pa. 1992) (finding facts sufficient to establish probable cause where informant's information implicating defendant as seller was corroborated by police officer's first-hand observations when he gave informant money to purchase cocaine and saw informant enter residence and return from residence with cocaine"). Thus, we may not deem appellate counsel ineffective for failing to raise a meritless sufficiency claim on direct appeal.

Appellant also contends appellate counsel ineffectively failed to challenge trial counsel's failure to raise a weight of the evidence claim on the delivery charge, as his denial of involvement in the September 16, 2010 sale undermined Detective Dickerson's testimony to the degree that the conviction in this matter shocks the conscience. Notably, Appellant references no specific testimony or evidence that trial counsel should have raised for the trial court's post-trial consideration.

An appellate court reviews the denial of a motion for a new trial based on a claim that the verdict is against the weight of the evidence for an abuse of discretion. *Commonwealth v. Clay*, 64 A.3d 1049, 1054–55 (Pa. 2013).

"Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." *Id.* at 1055 (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000)).

A trial court should not grant a new trial "because of a mere conflict in the testimony." *Id*. Rather, to grant a new trial, the trial court must "determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.* (quoting *Widmer*, 744 A.2d at 752). Stated differently, a trial court should not award a new trial unless the verdict "is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Id.* (quoting *Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994)).

Our review of the trial transcript reveals that Appellant testified he seldom went to the Paxton Street Pub and, therefore, could state with certainty that he was not there on September 16, 2010. He also denied ever wearing a "peach fuzz" beard as Detective Dickerson said he did on the day of the controlled buy, and he introduced pictures of himself attending an August 19, 2010, wedding and a mid-September function, respectively, where he appears clean-shaven. N.T. at 153-55, 163-64. Finally, Appellant

altogether denied having ever been in Detective Dickerson's company. N.T. at 164-65.

Here, faced with conflicting testimony between regarding the September 2010 controlled buy, the jury clearly credited Detective Dickerson's testimony identifying Appellant as the individual who sold a baggie of crack cocaine to the CI while in Dickerson's immediate presence in the Paxton Street Pub. "It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence." *Commonwealth v. Williams*, 176 A.3d 298, 306 (Pa.Super. 2017). Recognizing the jury's province in this regard, and guided further by the precept stated in *Widmer*, *supra*, that a mere conflict in testimony shall not serve as the basis for a new trial, we discern no merit to the weight of the evidence claim underlying Appellant's ineffectiveness claim. It follows, therefore, that prior counsel may not be deemed ineffective for failing to pursue a meritless weight of the evidence claim.

Next, Appellant posits that prior counsel ineffectively failed to pursue a claim that the trial court impermissibly shifted the burden upon Appellant to prove his innocence. This alleged occurrence, Appellant summarily maintains, was the product of both the trial court's refusal to suppress evidence obtained from the search incident to his arrest and its allowance of Detective Dickerson to offer what Appellant terms as "hearsay testimony" regarding what only the CI could have observed during the September 16, 2010, controlled buy.

We have already concluded, however, that the trial court properly denied Appellant's motion to suppress evidence obtained from a lawful search incident to his arrest, and that Detective Dickerson limited his testimony to a description of his own personal observations of the controlled buy. Appellant's undeveloped ineffective assistance of counsel claim predicated on an unsubstantiated allegation that the court misallocated the burden of proof, therefore, is utterly meritless.

Appellant's next ineffective assistance of counsel claim centers on prior counsels' respective failures to challenge the court's imposition of consecutive sentences, which Appellant maintains represented an alleged abuse of its sentencing discretion. Initially, we note:

> [o]ur court has held that claims implicating the discretionary aspects of sentencing raised in the context of an ineffectiveness claim are cognizable under the PCRA. ***Commonwealth v. Whitmore***, 860 A.2d 1032, 1036 (Pa.Super. 2004), ***reversed in part on other grounds***, 912 A.2d 827 (Pa. 2006) ("[A] claim that counsel was ineffective for failing to perfect a challenge to the discretionary aspects of sentencing is cognizable under the PCRA." (citations omitted)); ***Commonwealth v. Watson***, 835 A.2d 786, 801 (Pa.Super. 2003) ("[A] claim regarding the discretionary aspects of [the defendant's] sentence, raised in the context of an ineffectiveness claim, would be cognizable under the PCRA") (discussing ***Commonwealth ex rel. Dadario v. Goldberg***, 773 A.2d 126 (Pa. 2001)) (footnote omitted).

***Commonwealth v. Sarvey***, --- A.3d ----, 2018 PA Super 307 at *10 (filed Nov. 16, 2018).

The standard of review in an appeal from the discretionary aspects of a sentence is well settled.

> [S]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Paul*, 925 A.2d 825, 829 (Pa.Super. 2007) (citation omitted).

Prior to reaching the merits of a discretionary sentencing issue, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted).

Our initial impression of this issue is that Appellant does not present it within a Pa.R.A.P. 2119(f) concise statement of his reasons relied upon for the allowance of an appeal from the discretionary aspects. Such a statement appears nowhere in his brief, neither on its own page as Rule 2119(f) requires nor anywhere within the Argument section. Indeed, Appellant asserts to the contrary in his argument that he has the "absolute right to appeal" his sentence. *See* Appellant's brief, at 24.

An appeal of this type is not of right, however, as an appellant must, instead, seek this Court's allowance of such an appeal through a Rule 2119(f) statement. *See Sarvey*, *supra* at n. 11 (noting that the PCRA appellant complied with Rule 2119(f) by including a concise statement seeking allowance of appeal in her brief). Nevertheless, we decline to find waiver on such a basis, because the Commonwealth has not specifically objected to this omission. *See Commonwealth v. Hudson*, 820 A.2d 720, 727 (Pa.Super. 2003) (holding waiver required where Commonwealth specifically objects to absence of rule 2119(f) statement).

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted). Here, Appellant's sole discretionary aspects contention is that the court unreasonably decided to run his standard range sentences consecutively to form what he claims is a manifestly excessive aggregate sentence of nine to 18 years' incarceration.

> Long standing precedent of this Court recognizes that 42 Pa.C.S.A. [§] 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Graham*, 541 Pa. 173, 184, 661 A.2d 1367, 1373 (1995); *see also Commonwealth v. Perry*, 883 A.2d 599, 2005 Pa.Super. Lexis 2892 (Pa. Super. August 10, 2005), and the cases cited therein. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. *Commonwealth v. Johnson*, 873 A.2d 704, 709 n. 2 (Pa. Super.

2005); *see also Commonwealth v. Hoag*, 445 Pa. Super. 455, 665 A.2d 1212, 1214 (1995) (explaining that a defendant is not entitled to a "volume discount" for his or her crimes).

*Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005). A limited exception to this rule was recognized in *Commonwealth v. Dodge*, 957 A.2d 1198 (Pa. Super. 2008), *appeal denied*, 980 A.2d 605 (Pa. 2009), where a panel of this Court concluded the defendant's aggregate sentence of 58½ to 128 years' imprisonment was excessive and clearly unreasonable, when the trial court imposed 37 consecutive, standard range sentences for receiving stolen property, much of which consisted of costume jewelry. *See id.* at 1199-1201.

The facts in the present case are not similar to those in *Dodge*. The Appellant was convicted of drug crimes that represent a significant threat to the community, and his ten to eighteen year aggregate sentence was hardly tantamount to a virtual life sentence, as was imposed in *Dodge*. Under the circumstances, therefore, we find Appellant has failed to establish that his consecutive sentencing scheme is among the exceptional cases that raise a substantial question for this Court's review.

Even assuming, *arguendo*, that Appellant presents a substantial question, we find the record does not support his position.

> "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa.Super. 2015).

Additionally, our review of the discretionary aspects of a sentence must align with the statutory mandates of 42 Pa.C.S. §§ 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c). When we review the record, we consider the offense, the characteristics of the defendant, the trial court's opportunity to observe the defendant, the pre-sentence report, the sentencing guidelines and the basis for the sentence imposed. 42 Pa .C.S. § 9781(d).

As noted, Appellant contends that running his sentences consecutively, particularly the Delivery and PWID sentences, which together represent the lion's share of the nine to 18 year aggregate sentence imposed upon Appellant, resulted in a manifestly excessive sentence. However, the trial court considered Appellant's long history of recidivism (spanning 23 years,

during which his longest time without violating parole was four months), his current refusal to accept responsibility for his actions, and the pre-sentence investigation report's determination that he presents an above-average risk of re-offending. N.T. 7/25/12, at 3-7. Moreover, we note that both the Delivery sentence and PWID sentence, respectively, fell within the standard guideline range for Appellant given his prior record score. N.T. 7/25/12, at 5.

This record dispels any concern that the trial court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision[]" in exercising its sentencing discretion to run Appellant's sentences consecutively. ***Commonwealth v. DiSalvo***, 70 A.3d 900, 903 (Pa.Super. 2013). The sentences fell within the standard range of the guidelines, and the court settled on consecutive sentences only after giving due consideration to the seriousness of Appellant's crimes, his lack of remorse, and the high likelihood he would repeat such an offense. Accordingly, we conclude that Appellant's aggregate sentence is neither excessive nor unreasonable. ***See Commonwealth v. Bowen***, 55 A.3d 1254, 1265 (Pa.Super. 2012) (holding it is within trial court's sound discretion whether a sentence should run consecutive to or concurrent with another sentence being imposed).

Appellant raises a second claim implicating the discretionary aspects of his sentence when he charges counsel with ineffectively failing to raise a sentencing entrapment, or manipulation, claim. This argument posits that police engaged in sentencing manipulation when it deferred his arrest for

weeks until a moment when it learned he would be in possession of a larger quantity of narcotics.

As we did with the previous issue, we decline to find waiver for the Pa.R.A.P. 2119(f) inadequacies of Appellant's brief, as the Commonwealth has not lodged a corresponding objection. Moreover, our Court has previously held a claim of sentencing manipulation creates a substantial question for our review, *see Commonwealth v. Kittrell*, 19 A.3d 532 (Pa.Super. 2011), thus, we will address the substantive argument here.

> Sentencing manipulation occurs when "a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." It often is asserted in narcotics matters, typically reverse sting cases, in which government agents determine the amount of drugs a target will purchase. Sentencing entrapment or manipulation is similar to traditional notions of entrapment in that it requires extraordinary misconduct by the government. However, it differs from classic entrapment in that it is not a complete defense to criminal charges and, therefore, cannot serve as a basis for acquittal. Instead, it provides a convicted defendant the opportunity for a reduced sentence, typically in the form of a downward departure from the sentencing guidelines. It also can be used to exclude one of several criminal transactions included in a sentencing scheme. It may even provide relief from a mandatory sentence.

*Commonwealth v. Paul*, 925 A.2d 825, 830 (Pa.Super. 2007) (internal citations omitted).

This Court has held:

> With our acceptance of the premise underlying sentencing entrapment and manipulation, we adopt the standard typically applied in such cases, namely, the existence of "outrageous government conduct" or "extraordinary government misconduct" which is designed to and results in an increased sentence for the

- 19 -

convicted defendant. This standard presents a heavy burden for the defendant seeking a sentence reduction. Simply put, sentencing entrapment/manipulation is difficult to prove; it is not established "simply by showing that the idea originated with the government or that the conduct was encouraged by it, ... or that the crime was prolonged beyond the first criminal act ... or exceeded in degree or kind what the defendant had done before."

***Commonwealth v. Petzold***, 701 A.2d 1363, 1366–67 (Pa.Super. 1997) (citation omitted).

The extent of Appellant's sentencing entrapment/manipulation claim is that police observed him commit two drug deliveries after September 16, 2010, without arresting him, before they decided to arrest him on October 19, 2010 only after receiving a call from a CI stating Appellant possessed a large quantity of narcotics and a gun. In response, the Commonwealth points to testimony explaining that police intended to arrest Appellant immediately after witnessing his second drug sale but lost sight of him, and they did nothing to manipulate the quantity of narcotics in Appellant's possession on the day of his arrest.

By failing to establish that police manipulated him into committing a greater offense than that which he was predisposed to commit, Appellant has not carried his heavy burden of showing outrageous government behavior leading up to his arrest. At most, Appellant's crime on October 19, 2010, merely exceeded in degree or kind that which he was observed to have committed on three other occasions in the prior month. Under our jurisprudence discussed *supra*, such an occurrence does not amount to sentencing entrapment or manipulation.

Next, we address Appellant's claim that his sentence is illegal under *Alleyne* (holding any fact, other than fact of a prior conviction, increasing the penalty for a crime beyond the prescribed statutory minimum must be submitted to jury and proven beyond a reasonable doubt). *See id.*, 131 S.Ct. at 2160–61. Although Appellant did not raise an *Alleyne*-based illegality of sentence claim in either his Pa.R.A.P. 1925(b) statement or in his statement of questions presented, he has preserved it by raising it in the argument section of his brief. *See Commonwealth v. Robinson*, 931 A.2d 15, 19-20 (Pa.Super. 2007) ("a challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction.").[5]

_____

[5] In its Pa.R.A.P. 1925(a) opinion, the PCRA court dismisses Appellant's *Alleyne* claim as being part of what it considers a meritless ineffective assistance of direct appeal counsel claim. In this regard, the court reasons that it cannot deem direct appeal counsel ineffective for failing to predict the *Alleyne* decision handed down in the following year. We question the premise of this rationale, however, as it ignores the fact that Appellant was awarded a subsequent direct appeal *nunc pro tunc* after *Alleyne* was decided, which gave appointed counsel the opportunity to raise an *Alleyne*-based attack on Appellant's sentence at such time.

Binding decisional law of this Commonwealth has held an *Alleyne* claim constitutes a non-waivable challenge to the legality of a sentence and may be raised for the first time in a timely-filed PCRA petition where the petitioner's judgment of sentence was not final when *Alleyne* was decided. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016); *see also Commonwealth v. Ruiz*, 131 A.3d 54 (Pa.Super. 2015). Appellant meets this condition, as he filed this timely PCRA petition after his judgment of sentence became final in 2016, three years after the *Alleyne* decision. Accordingly, we address Appellant's *Alleyne* claim as a properly raised challenge to the legality of his sentence.

A careful review of the record requires us to conclude that Appellant's sentence is illegal under **Alleyne**, as the trial court applied weight-based, mandatory minimum sentences provided in 18 Pa.C.S. § 7508[6] in fashioning the sentence. **See** N.T. 7/25/12, at 5, 10-11 (court specifically acknowledges Commonwealth's citation to applicable mandatories and immediately conforms minimum sentences thereto). This Court has applied **Alleyne** to find Section 7508 mandatory minimum sentences unconstitutional. **See Cardwell**, 105 A.3d at 752-55. Accordingly, we vacate Appellant's sentence and remand to the trial court for resentencing consistent with this aspect of our decision.[7]

_____

[6] Section 7508(a)(3)(i) provided for a three-year mandatory minimum sentence for, *inter alia*, Delivery of 2.0 grams or more of cocaine if, at the time of sentencing, the defendant has been convicted of another drug trafficking offense. Section 7508(a)(3)(ii) provided for a five-year mandatory minimum sentence for, *inter alia*, PWID 10.0 or more grams of cocaine if, at the time of sentencing, the defendant has been convicted of another drug trafficking offense. **See** 18 Pa.C.S. § 7508.

[7] We need not review Appellant's other legality of sentence claim, which asserted the court was without jurisdiction to enter its order of March 27, 2018, clarifying that the instant sentencing order was to run consecutively to other sentences involving different offenses that were in effect at the time. **See Commonwealth v. Pfeiffer**, 579 A.2d 897 (Pa.Super. 1990) (claim challenging court's failure to indicate whether state sentence was to run concurrent to or consecutive with a unrelated county sentence currently being served implicated legality of sentence; hence, untimely motion for reconsideration of sentence did not bar claim). **Pfeiffer**, however, clarifies that, "absent any written indication to the contrary, it is presumed that the sentences are to run consecutively." **Id**. at 900. Therefore, to the extent Appellant contends his sentence for the above-captioned matter implicitly runs

Finally, Appellant submits that the PCRA court abused its discretion when it granted PCRA counsel's motion to withdraw without appointing new counsel. On December 29, 2017, Attorney Wilson filed a no-merit letter under ***Turner*/*Finley*** in which he set forth a legal analysis explaining why each of Appellant's *pro se* issues lacked merit. On January 22, 2018, the court determined Attorney Wilson had fulfilled his obligations under ***Turner*/*Finley*** and, thus, granted his petition to withdraw.

Subsequently, on May 31, 2018, the court issued its Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. On June 13, 2018, Appellant filed a *pro se* Answer opposing the court's notice of dismissal. Specifically, Appellant contended PCRA counsel's failure to amend the *pro se* petition constituted ineffective assistance as a matter of law, and he requested an evidentiary hearing where he would testify to, *inter alia*, counsel's failure to participate meaningfully in his PCRA appeal. On June 27, 2018, after considering Appellant's *pro se* Answer, the PCRA court dismissed Appellant's petition.

Now, it is Appellant's contention that PCRA counsel's failure to amend his *pro se* petition leads inexorably to the conclusion that counsel deprived him of the right to have appointed counsel "advance his position in acceptable

_____

concurrently to other sentences imposed by other courts for different matters, he is mistaken. Moreover, given our decision to vacate the present sentence and remand for resentencing in a manner consistent with ***Alleyne*** and its progeny, the trial court will have the opportunity to specify whether the new sentence shall run concurrent to or consecutively with other sentences.

- 23 -

legal terms." Appellant's brief, at 32 (quoting ***Commonwealth v. Sangricco***, 415 A.2d 65, 133 (Pa. 1980)). We disagree.

This court has stated "when appointed counsel fails to amend an inarticulately drafted *pro se* [post-conviction] petition, or fails otherwise to participate meaningfully, this court will conclude that the proceedings were, for all practical purposes, uncounseled and in violation of the representation requirement." ***Commonwealth v. Hampton***, 718 A.2d 1250, 1253 (Pa.Super. 1998) (quoting ***Commonwealth v. Ollie***, 450 A.2d 1026 (Pa.Super. 1982), and ***Sangricco***, 415 A.2d at 133). While it is true that PCRA counsel never amended Appellant's *pro se* petition, we cannot reasonably conclude that Appellant effectively went uncounseled.

Here, the record shows counsel properly filed a ***Turner/Finley*** letter in which he undertook an extensive review of Appellant's case and provided a thorough legal analysis in support of his conclusion that there was no meritorious claim to make on collateral appeal. While we obviously disagree with counsel's conclusion to the extent it failed to address and acknowledge the effect of ***Alleyne*** and its progeny on the legality of Appellant's mandatory minimum sentences, we otherwise infer no abandonment of professional responsibility from counsel's otherwise cogent no-merit letter on the remaining claims. Accordingly, the PCRA court committed no error of law or abuse of discretion in accepting counsel's no-merit letter as to these other claims.

For the foregoing reasons, we discern no error or abuse of discretion with the PCRA court's order to the extent it dismisses as meritless all issues raised by Appellant other than his challenge to the imposition of mandatory minimum sentences. Under **Alleyne** and **Cardwell**, however, we are constrained to reverse the PCRA order with respect to Appellant's legality of sentence claim, vacate judgment of sentence, and remand for resentencing, where Appellant will be entitled to the appointment of counsel.

Order reversed only with respect to the legality of Appellant's sentence. Judgment of sentence vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/19/2019

- 25 -